

**Baruch S. Gottesman**
Attorney and Counselor at Law

May 31, 2021

**Via ECF**
Hon. Mary Kay Vyskocil
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    Gang Chen v. China Green Agriculture Inc., et. al
              S.D.N.Y. Index No. 1:20-cv-09232-MKV

Your Honor:

      I have the honor to represent Defendants Abdul Hamid Kabani and Kabani & Company, Inc. (collectively, "Kabani") in the above captioned matter. On January 19, 2021, Plaintiff Gang Chen filed a First Amended Complaint naming my clients. With the consent of the Plaintiff, the time to Answer or otherwise respond was extended to June 1, 2021.

      Defendants Kabani now respectfully requests a pre-motion conference pursuant to Rule 4(A) of Her Honor's Individual Motion Practices. The anticipated Motion will be a Motion to Dismiss pursuant to Federal Rule 12(b)(6) to dismiss the complaint for failure to state a claim. We understand that service of this letter via ECF constitutes timely service of the motion because it is within the time that any response is due. It will also be sent by e-mail to the Plaintiff's listed address with ECF.

      **A.    Factual Basis for the Anticipated Motion to Dismiss**

      The claims against Kabani, prior auditors of Defendants China Green Agriculture Inc. ("CGA"), include alleged violations of Sections 10(b) of the Exchange Act and Rules 10(b)(5), 20(A) and 10(A). Essentially, Plaintiff alleges that Kabani, the former auditor of CGA, made material misrepresentations in its audits of CGA, and that Kabani controlled and responsible for successor auditors. That is not true – the successor auditor has been recognized by the SEC and PCAOB as entirely independent and Kabani have no liability for their successor's alleged actions.

      Respectfully, the Plaintiff's allegations cannot support the claimed causes of action against Kabani. Plaintiff's allegations are premised on speculation, inferences, and misquotes from CGA's filings. Indeed, Plaintiff acknowledges that Kabani was not the auditor of CGA for the relevant time period – thereby admitting that there can be no causation or behavior by Kabani that caused the Plaintiff's damage. Rather the Plaintiff baselessly concludes that Kabani controlled the new auditor despite documentary evidence proving otherwise.

Case 1:20-cv-09232-MKV   Document 85   Filed 05/31/21   Page 2 of 3

Letter to Hon. Mary Kay Vyskocil
Re: Pre-Motion Letter in Gang Chen v. China Green (1:20-cv-09232-MKV)
May 31, 2021
Page 2 of 3

Further, the limited allegations against Kabani are contradicted by the public record. The Amended Complaint's claim that Kabani was the actual controller of KSP through the end of November 2019 (A.C. ¶ 32) is contradicted by the public record showing that Jaslyn Sellers was KSP's sole shareholder and owner since early 2017. The conclusory and baseless claim that Sellers was an employee of Kabani during the relevant time period (A.C. ¶ 22) is contracted by public documents filed with the State of California and the PCAOB.

The speculation that KSP was not an independent company and remained under Kabani's control (A.C. ¶ 63) blatantly contradicts the rules and conclusions of PCAOB. Specifically, the PCAOB inspected the successor auditor between 2017 and 2020 and reported that the successor auditor was entirely independent of any control by anyone (including Kabani). Had there been any outside control of KSP by Kabani, it would have violated the rules and have been reported by PCAOB.

Therefore, the allegations do not support any of the causes of action and certainly do not meet the heightened pleading standard under PSLRA. and Rule 9(b).

The above is not intended as a full statement of the factual basis for the Defendant's anticipated Motion to Dismiss, and the Defendants will more fully review the Complaint's allegations in their briefing papers on the Motion to Dismiss.

### B.   Legal Argument

#### i.   Motion to Dismiss for Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Amended Complaint's allegations of fraud must "state with particularity the circumstances constituting the fraud." Federal Rule of Civil Procedure 9(b). Further, the PLSRA requires a heightened pleading standard. The Private Securities Litigation Reform Act of 1995 "insists that securities fraud complaints 'specify' each misleading statement; that they set forth the facts 'on which [a] belief' that a statement was 'formed'; and that they 'state with particularity facts giving rise to a strong inference that the Defendants acted with the required state of mind". *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 345 (2005).

The briefing on the Motion to Dismiss will explicate how the Plaintiff failed to meet their burden to allege the causes of action. Plaintiff's allegations fail to allege that CGA's filings were false nor do they allege the Defendant's connection with the supposed erroneous filings. The Plaintiff's allegations willfully ignore that all the supposed misrepresentations were fully disclosed by CGA including the seasonality of

Case 1:20-cv-09232-MKV   Document 85   Filed 05/31/21   Page 3 of 3

Letter to Hon. Mary Kay Vyskocil
Re: Pre-Motion Letter in Gang Chen v. China Green (1:20-cv-09232-MKV)
May 31, 2021
Page 3 of 3

the business and the declining profits. *See, e.g., Fraternity Fund Ltd. v. Beacon Hill Asset Mgt., LLC*, 376 F. Supp 2d 443, 447 (S.D.N.Y. 2005) (dismissing claims under PSLRA where theory of fraud was based upon "mistaken assumption").

In particular, with respect to Defendants Kabani, the Complaint does not and cannot allege that Kabani benefited or intended to benefit from the alleged fraud. Rather the Plaintiff themselves acknowledge Kabani's 2017 resignation but rely on pure speculation, uninformed conjecture, and baseless conclusions that Kabani controlled his successors. The public record shows that KSP was entirely independent of Kabani.

### ii. Heightened Pleading Requirement for Auditor Scienter

The Motion to Dismiss will also home in on the heightened pleading requirements in claims against auditors, including the standard for "auditor scienter". The Second Circuit held: "For recklessness on the party of a non-fiduciary accountant to satisfy securities fraud scienter, such recklessness must be conduct that is <u>highly unreasonable</u>, representing an <u>extreme departure</u> from the standard of ordinary care. It must, in fact, <u>approximate an actual intent to aid in the fraud</u> being perpetrated by the audited company." *Rothman v. Gregor*, 220 F.3d 81, 98 (2d Cir. 2000) *citing Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111 (2d Cir. 1982)(emphasis added).

Nothing in the Complaint comes close to alleging "highly unreasonable" conduct by Kabani that would qualify as an extreme departure from the standard of ordinary care. The Complaint does not allege anything showing intent by Kabani to aid in CGA's alleged fraud.

The above is not intended as a full statement of the factual and legal basis for the Defendant's anticipated Motion to Dismiss. Rather, Kabani respectfully reserves the right to more fully show how the allegations are unsubstantiated and how the Complaint failed to state any cause of action against Kabani as a matter of law. They will do so in briefing as may be scheduled by Her Honor.

For these reasons Defendants Kabani respectfully submits that the First Amended Complaint must be dismissed with prejudice as it relates toDefendants Kabani and is ready to brief the Court fully when so scheduled.

RESPECTFULLY SUBMITTED,

Baruch S. Gottesman, Esq.

*Served via ECF on all appearing parties*