UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

GANG CHEN,

                Plaintiff,

  ~ *against* ~

CHINA GREEN AGRICULTURE, INC.,
ZHUOYO LI, YONGCHENG YANG,
DAQING ZHU, YIRU SHI,
KABANI & COMPANY, INC.,
KSP GROUP, INC.,
AMERICAN CORPORATE LEARNING
CENTER,
ABDUL HAMID KABANI,
SHAHNAZ KABANI
*and*
JASLYN HUYNH AKA JASLYN SELLERS

                Defendants.

Index No.: **1:20-cv-09232-MKV-SDA**

------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS ABDUL HAMID KABANI,
KABANI & CO., SHAHNAZ KABANI, AND
AMERICAN CORPORATE LEARNING
CENTER MOTION TO DISMISS COMPLAINT**

Filed By:  Baruch S. Gottesman, Esq.
185 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
e-mail: <bg@gottesmanlegal.com>

- 1 -

**Table of Contents**

A.  **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B.  **Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C.  **Factual Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

D.  **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        a.  Overview of the Standard for
Motion to Dismiss PSLRA Claim. . . . . . . . . . . . . . . . . . . . . . . . . .9

        b.  The Complaint Makes no Allegation of Scienter
as to Any of the Kabani Defendants . . . . . . . . . . . . . . . . . . . . . . . 10

        c.  The Complaint Fails to
Adequately Plead Loss Causation . . . . . . . . . . . . . . . . . . . . . . . . . 12

        d.  The Complaint does not and cannot
plausibly allege co-liability by the
Kabani Defendants for their successor's actions . . . . . . . . . . . . . 13

        e.  The Complaint does not allege
any basis to pierce the corporate veil . . . . . . . . . . . . . . . . . . . . . . 14

E.      **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## A. Table of Authorities

Cases:

Anhui Konka Green Light. Co. v. Green Logic Led Elec. Supply,
 Case No. 1:18-cv-12255, 2021 US Dist LEXIS 178815
 (S.D.N.Y. Sept. 20, 2021)(Vyskocil, District Judge Mary Kay) . . . . . . . . . . . . . . . . 14

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Brody v. Stone & Webster, Inc.,
 414 F.3d 187 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Chen v. China Green Agric. Inc.,
 Case. No. 1:20-cv-09232, 2021 U.S.Dist. LEXIS 189780
 (S.D.N.Y. Sept. 30, 2021)(Vyskocil, District Judge Mary Kay) . . . . . . . . . . . . . . 5

Dura Pharmaceuticals, Inc. v. Broudo,
 544 U.S. 336 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Goldman v. Chapman,
 44 A.D.3d 938, 844 N.Y.S.2d 126 (2d Dep't 2007) . . . . . . . . . . . . . . . . . . . . . . . 14

In re Advanced Battery Techs., Inc. Sec. Litig.,
 2012 U.S. Dist. LEXIS 123757, 2012 WL 3758085
 (S.D.N.Y. Aug. 29, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Oxford Health Plans, Inc. Sec. Litig.,
 51 F. Supp. 2d 290 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Iowa Pub. Emp. Ret. Sys. v. Deloitte & Touche LLP,
 919 F. Supp. 2d 321 (S.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Lentell v. Merrill Lynch & Co.,
 396 F.3d 161 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.,
 33 F. Supp. 3d 401 (S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Statutes and Rules

Federal Rules of Civil Procedure, Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16

Federal Rules of Civil Procedure, Rule 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

§ 78u-4(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10, 16
[

## B. INTRODUCTORY STATEMENT

This Motion to Dismiss is brought by Defendants:

(i.)  **Abdul Hamid Kabani**;

(ii.)  **Shahnaz Kabani**;[1]

(iii.)  **Kabani & Co.**;

(iv.)  **American Corporate Learning Center**.[2]

Unless individually identified, in this Memorandum of Law, the above-named Defendants are referred to collectively as the "**Kabani Defendants**".

This Motion to Dismiss is addressed to the Plaintiff's "Second Amended Complaint Alleging Securities Fraud," per the Order on Letter for Premotion Conferences (Doc. 132, January 21, 2022)(identifying ECF No. 115 as the "operative second amended complaint"). Unless otherwise indicated, references in this Memorandum to the "Complaint" refers to that pleading at ECF No. 115, a copy of which is also annexed as Exhibit A to the Gottesman Affirmation in Support.

This Motion to Dismiss respectfully incorporates by reference and in full the arguments made in the original Motion to Dismiss, at ECF No. 95, a copy of which is annexed as **Exhibit B** to the Gottesman Affirmation in Support. This Motion to Dismiss also respectfully incorporates by reference and in full the arguments put forward by the

---

[1] The spelling used here – Shahna**z** – and in this Memorandum of Law follows the Complaint's Caption. The Body of the Complaint sometimes refers to Shahna**s**, *See, e.g.*, Complaint, unnumbered paragraph at p.4, ll.13-16; and ¶ 91 on p. 47.

[2] The name used here – American Corporate Learning **Center** – and in this Memorandum of Law follows the caption and the references throughout the Complaint to the acronym ACLC. It should be noted that the operative complaint sometimes refers to American Corporate Learning **Academy**. See, e.g., Complaint, unnumbered paragraph at p. 46, ll.2-3; ¶¶ 91 and 92 on p. 47.

other Defendants that address the allegedly fraudulent statements and auditors' liability (to the extent that any such arguments are not prejudicial to the Kabani Defendants).

As we argue here, the Complaint suffers from the same fatal flaws that required dismissal of an earlier version of this claim. *See* <u>Chen v. China Green Agric. Inc.</u>, Case. No. 1:20-cv-09232, 2021 U.S.Dist. LEXIS 189780 (S.D.N.Y. Sept. 30, 2021)(Vyskocil, District Judge Mary Kay). As with that earlier version, this Complaint does not state a claim against China Green, does not plausibly allege wrongdoing by the auditors and cannot leapfrog further and hold the prior auditors liable. And the Complaint contains no plausible allegations to go a *further* step and pierce the corporate veil horizontally and vertically: to impose liability on the relatives and random companies of the former auditor that have no direct or indirect relationship with the audits and financial statements at issue in this lawsuit.

While the Kabani Defendants again note their empathy for the Plaintiff's disappointment with the direction of CGA's stock price through the height of the COVID crisis in June 2020 (*See* Complaint ¶¶ 7, 139, 142, *et passim* alleging "realized net losses" of more than one million dollars),[3] the Plaintiff has not and cannot allege that the Kabani

---

[3] The Complaint is silent on the specifics of the number of shares that the Plaintiff owned and at what price and date the shares were purchased and/or sold. The Complaint broadly alleges that the stock traded at "around $2.60 at first week of June 2020 when Plaintiff initiated the legal action." Complaint at ¶ 143 on p. 66.

We would note that according to historical data provided by NASDAQ, as of October 27, 2021, the price of CGA had recovered to almost $12.50. *See* https://www.nasdaq.com/market-activity/stocks/cga (last checked Feb. 21, 2022). As of the most recent trading day before the filing date of this Motion, the price of CGA shares closed at $9.23 (See https://www.marketwatch.com/investing/stock/cga (last checked Feb. 21, 2022).

A theoretical investment of one million dollars into CGA, made on the date that the Plaintiff initiated this action (*theoretical because we must exclude the dynamic changes to the market price as a consequence of the theoretical investment*) may have almost

<a>
</a>
<b>
</b>

Defendants bear any legal liability for the Plaintiff's ill-fated investment. We therefore respectfully submit that the Complaint must be dismissed as against the Kabani Defendants and with prejudice.

In addition, pursuant to Section 78u-4(c)(1) of the Private Securities Litigation Reform Act, this Court must undertake a mandatory review that "shall include in the record specific findings regarding compliance by each party with . . . each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint", and "*shall* impose sanctions" in the event of violation, § 78u-4(c)(2)(emphasis added). The Mandator Review also requires this Honorable Court to lean toward a "[p]resumption in favor of attorneys' fees and costs." § 78u-4(c)(2).

The Kabani Defendants have lived under a cloud of very serious fraud allegations for almost two years on the basis of a Complaint that cannot support a cause of action against them. They have been made to pay for legal fees they can ill afford. Therefore, the Kabani Defendants respectfully urge that when the Complaint is dismissed that this Court promptly engage in the mandatory review of the Plaintiff's compliance with Rule 11 pursuant to § 78u-4(c)(2) and issue an order compensating the Kabani Defendants for their legal fees and providing such other relief that this Court may deem appropriate.

---

*quadrupled* their investment if they sold today. *Five times their money* if they timed the high properly. Poor market timing is not actionable under the PSLRA.

### C.    FACTUAL BACKGROUND

We will not belabor the factual background that has been reviewed by the other Defendants in their Motion to Dismiss.  We respectfully incorporate the Factual Background Section in our original Motion to Dismiss (ECF No. 95, Gottesman Aff. Exh. B).  We also respectfully incorporate by reference the factual background reviewed by the other Defendants, to the extent that such description of the facts are not prejudicial to the Kabani Defendants.  All this is said with the caveat that: while certain of these allegations must be accepted as true for purposes of argument on a Motion to Dismiss, the Kabani Defendants respectfully reserve the right to dispute and/or deny the truth of these allegations in their Answer, if so required.

As an initial matter:  While two of the Causes of Action purport that they are plead "Against All Defendants" (Count I, p. 67, l.1; Count II, p. 69, l.16), the Third Cause of Action is plead against the "Individual Defendants" (Count III, p. 70, l.9). Unlike in the earlier Complaint where "Individual Defendants" is a category identified as Defendants Li, Yang and Zhu (*See* ECF Doc No. 57, ¶ 17), no such category is defined in the current Complaint.  ¶ 151 of the Complaint does describe the "Individual Defendants" as "senior executive officers of the company", so unless otherwise advised, we will assume that the Kabani Defendants (including the natural persons) are only named in the first two causes of action.

The new allegations against Shahnaz Kabani appear to stem from her role as the registered agent for American Corporate Learning Center and as a Signatory to an unrelated Contract between Defendant Sellers and KSP, Complaint ¶ 89.  More broadly Complaint ¶¶ 90-92 seem to rope in Shahnaz Kabani on a theory that the Kabani

Defendants as a group – none of whom were the auditors during the relevant time period – controlled and bear liability for the wrongdoing by the current auditors.

Again, it is important to emphasize that the conclusory "Allegations to Auditor Defendants," Complaint ¶ 112 arise from the vague "under Kabani's control" theory and are not direct allegations against any of the Kabani Defendants themselves.

The Complaint at ¶¶ 114 talks about a "manipulative deceptive scheme," but that unsubstantiated allegation is about the "true relationship between K&C and KSP, both controlled by Kabani" – not any alleged deception related to China Green. The Complaint ¶ 115 talks about the former auditor's issues with the PCAOB, but as noted in the original Motion to Dismiss, the PCAOB issues were *entirely unrelated* to China Green and happened before the relevant alleged wrongdoing at issue in the Complaint.

The bottom line of the scattershot allegations is that Kabani & Co. (*the former auditor*); American Corporate Learning Center (*an entirely separate company formed after the former auditor left and was no longer doing public company reporting*); Hamid Kabani (*who worked for Kabani & Co.*) and Shahnaz Kabani (*the registered agent of K&C and ACLC*) were puppeting the current auditors.

### D.   ARGUMENT

#### a. Overview of the Standard for Motion to Dismiss PSLRA Claim

We respectfully incorporate the Legal Argument in our original Motion to Dismiss (ECF No. 95, Gottesman Aff. Exh. B).  We also respectfully incorporate by reference the legal arguments by the other Defendants, to the extent that such arguments are not prejudicial to the Kabani Defendants.  We have done our best to understand the allegations in the Complaint and if there is clarification of the legal basis for the claim in the Plaintiff's Response we will endeavor to fully Reply.

As a starting point, we briefly review this Court's analysis in the Order dismissing the earlier complaint.  This Court emphasized that "[t]o survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Id.* (*citing* Twombly, 550 U.S. at 556)." *See* Chen, *Id.* 2021 U.S.Dist. LEXIS 189780 at **7-8.

In this case, the Section 10(B) and Rule 10b-5(b) claims face a second hurdle.  As this Honorable Court noted, "[a] plaintiff alleging securities fraud must also meet a heightened pleading standard. Under the Private Securities Litigation Reform Act (the "PSLRA") a plaintiff who alleges securities fraud predicated on misrepresentations or omissions of material fact must 'specify each statement alleged to have been misleading,

[and] the reason or reasons why the statement is misleading'. 15 U.S.C. § 78u-4(b)(1)(B)" Chen, Id. 2021 U.S.Dist LEXIS 189780 at **8-9.

### b. Complaint Makes no Allegation of Scienter as to Any of the Kabani Defendants

This Honorable Court noted that the " '[t]he pleading requirements for auditor scienter are particularly stringent.' Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd., 33 F. Supp. 3d 401, 426 (S.D.N.Y. 2014); see also In re Advanced Battery Techs., Inc. Sec. Litig., 2012 U.S. Dist. LEXIS 123757, 2012 WL 3758085, at *15 (S.D.N.Y. Aug. 29, 2012) ('Courts in this District have repeatedly recognized [that] ' ''[t]he standard for pleading auditor scienter is demanding.' '). 'An accountant's alleged misconduct must approximate an actual intent to aid in the fraud being perpetrated by the audited company.' See Iowa Pub. Emp. Ret. Sys. v. Deloitte & Touche LLP, 919 F. Supp. 2d 321, 331 (S.D.N.Y. 2013)." Chen, Id., 2021 U.S. Dist. LEXIS 189780 at **17-18.

As a sister circuit commented: "absent truly extraordinary circumstances, an auditor's motivation to continue a profitable business relationship is not sufficient by itself to support a strong inference of scienter." Brody v. Stone & Webster, Inc., 414 F.3d 187, 215 (1st Cir. 2005).

What scienter is alleged against the Kabani Defendants?

As alluded to in the fact section, the only "scienter" alleged in the Complaint is a scheme to hide the puppetry (meaning the Kabani's secret control of the current auditors) and for K&C to make money.

Allegation 1 (Complaint ¶ 114, at p. 54, l.16 – p.55, l.3) describes a "manipulative and deceptive scheme" to hide the auditors' relationship. That is not an allegation of scienter as to the supposed misstatements and is plainly within the "profitable business relationship" motive, which Brody expressly excluded as proof of scienter. *See also* In re Oxford Health Plans, Inc. Sec. Litig., 51 F. Supp. 2d 290 (S.D.N.Y. 1999)("generalized economic interests are insufficient to establish motive of an accounting firm to commit fraud.") *and collecting cases*.

An unnumbered paragraph under Allegation 1 (*See* Complaint at p.55, ll.4-8) gestures toward Kabani's issues with the PCAOB, but as noted those involved other companies, and happened years before anything related to the allegations in this Complaint.

What is missing from "Allegation 1" is *any* factual basis to establish scienter or to impose liability on any of the Kabani Defendants for CGA's allegedly fraudulent financial reports.

We turn to Allegation 2, beginning at Complaint ¶ 115 ,p. 55 l.10 although it is unclear from the formatting where this "Allegation 2" section ends.

In this Allegation, the Plaintiff acknowledges that "the auditor's knowledge is limited to that acquired through the audit. Thus, it is understandable that it is not assured for an auditor to find all the frauds in the financial statement". Complaint ¶ 116. Yet the Complaint then goes on and claims that the cash balance issue was intentionally misstated by the Auditor. In fact, those numbers were accurate.

But even if we take the inaccuracies in the audit as a given: According to the Complaint, why did the auditor err and fail to fulfil their professional responsibilities? The Plaintiff describes the Auditor's intent as follows: "KSP earned $370,000 audit fee for

fiscal year 2018", (Complaint ¶ 124); and KSP cooperated to "g[e]t rewarded by audit fee." (Complaint ¶ 125). We respectfully direct the Honorable Court to <u>In re Oxford Health Plans</u> that reviews a half-dozen cases where a financial reward in the nature of a fee payment cannot serve as evidence of scienter or fraudulent motivation in PSLRA cases.

### c. The Complaint Fails to Adequately Plead Loss Causation

To establish loss causation, "a plaintiff must allege . . . that the subject of the fraudulent statement or omission was the cause of the actual loss suffered, *i.e.*, that the misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security." <u>Lentell v. Merrill Lynch & Co.,</u> 396 F.3d 161, 173 (2d Cir. 2005) (internal citation omitted).

This argument will be fully addressed by the other Defendants, we would only highlight that the Complaint makes no allegation as to how many shares were purchased, when, and at what price. See footnote 3 above showing that if the Plaintiff still holds the shares at issue (*those key details are not plain on the face of the Complaint, one way or the other, except for the reference to "realized" losses. Realized losses could be losses claimed for tax purposes, while still owning the shares*). Based on the Complaint, for all we know the Plaintiff may have made a handsome profit!

### d. **The Complaint does not and cannot plausibly allege co-liability by the Kabani Defendants for their successor's actions**

The third hurdle Plaintiff would need overcome in order to impose liability on the Kabani Defendants is to plausibly allege Kabani's responsibility for the actions of their successor. Plaintiff has not made and cannot make any such allegation.

The only non-conclusory factual basis for plaintiff's puppet master theory is the claim that a relative of Mr. Kabani served as registered agents of ACLC and KSP, when they were these companies were organized in Califonia – before the current auditor began operations. There is also an unsourced claim that years ago, Mr. Kabani had mentored the principal of the then-current auditors – among dozens of individuals whom Mr. Kabani has mentored over the years.

These scattershot allegations attempt to sew together loose threads between Mr. Kabani and Sellers, but they fail to "state with particularity facts giving rise to a strong inference that the Kabani Defendants acted with the required state of mind" Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 345 (2005). And they also fail to establish any theory that would impose Ms. Sellers' liability on her predecessor.

Further, as highlighted in earlier Motion (See Gottesman Aff. at Exh. B) the public record available from the PCAOB shows Ms. Sellers independence. The "Form 3 Special Report" filed by KSP Group, Inc. on April 5, 2017 confirmed a change in the Firm, as Ms. Sellers took over. Ms. Sellers confirmed that she was taking responsibility for the firm and its actions: Not Mr. Kabani; and not any relative of Mr. Kabani. That independence was confirmed further in the Auditor Reporting of Certain Audit Participants for 2017 which confirmed that there was no "Divided Responsibility".

Further, if the plaintiff read the audit opinions and allegedly relied upon it to purchase the shares, it would be clear that none of those reports were signed off on; or otherwise authorized by the Kabani defendants. As shown on the record, none of those reports was signed off by any Kabani Defendant and there can be no allegation of a causation between any alleged wrongdoing by Kabani and the alleged losses.

### e. The Complaint does not allege any basis to pierce the corporate veil

The fourth hurdle that the Plaintiff needs to jump here is a basis to pierce the corporate veil – both horizontally to impose liability on an unrelated company that happens to be owned by the same owners of K&C; and vertically onto the owner of K&C and its registered agent.

As this Court noted, to pierce the corporate veil, "[C]ourts generally look at factors such as 'failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use.' " Anhui Konka Green Light. Co. v. Green Logic Led Elec. Supply, Case No. 1:18-cv-12255, 2021 US Dist LEXIS 178815, at *13 (S.D.N.Y. Sept. 20, 2021)(Vyskocil, District Judge Mary Kay) *citing* Goldman v. Chapman, 44 A.D.3d 938, 939, 844 N.Y.S.2d 126 (2d Dep't 2007). None of that has been alleged here.

Even accepting every allegation in the Complaint (*no matter how outlandish and irrelevant on its face*) as true; there is nothing in the Complaint that can seek to impose liability onto any Kabani Defendant except for the alleged wrongdoer – K&C.

### E. **CONCLUSION**

The Plaintiff has four hurdles that they must leap to impose liability on the Kabani Defendants. Respectfully, they fail all of them.

First – they must show that fraud took place and scienter on the part of the alleged wrongdoers. As will be argued fully by the CGA and Individual Defendants and outlined above, the Plaintiff cannot meet this burden.

Second – they must meet the heightened pleading requirements to impose liability on the Auditors. As will be argued by the other Auditor Defendants and outlined above, the Plaintiff also cannot meet this burden.

Third – they must establish that K&C is responsible for the actions of its successor, which as shown in the previous Motion to Dismiss and outlined above, the Plaintiff also cannot meet this burden.

Last – even assuming that there is liability, and that the heightened pleading requirements to impose liability on the auditors was met . . . even assuming that K&C should be held responsible for the actions of its successor . . . even then, the Plaintiff cannot pierce the corporate veil to seek recovery from various individuals and companies which are not alleged to have any connection to the Plaintiff's alleged financial losses.

The Plaintiff's "throw everything against the wall and see what sticks" strategy has imposed substantial reputational costs on the Kabani Defendants, and saddled them with legal fees. For the reasons that will be addressed more fully at the hearing and/or briefing on the mandatory Rule 11 review pursuant to Section 78u-4(c)(1) the Kabani Defendants will seek to recover some of their reputation and expenses in defending this lawsuit.

For these reasons, the Kabani Defendants respectfully submit that the Complaint should be dismissed as against them with prejudice. And the Court should promptly hold the mandatory review pursuant to § 78u-4(c)(1) with an eye to compensating the Kabanis for their legal fees in defending this action.

Dated: **FEBRUARY 21, 2021**

RESPECTFULLY SUBMITTED,

BARUCH S. GOTTESMAN, ESQ.
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
E-mail: <bg@gottesmanlegal.com>
*Attorney for Kabani Defendants*

Served Via ECF on All Parties
as a Courtesy, also served by e-mail on the *pro se* Plaintiff