**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
|
**GANG CHEN,** |
|
            Plaintiff, |    **Index No.: 1:20-cv-09232-MKV-SDA**
|
   ~ against ~ |
|
**CHINA GREEN AGRICULTURE, INC.,** |
**ZHUOYO LI, YONGCHENG YANG,** |
**DAQING ZHU,** |
**KABANI & COMPANY, INC.,** |
**KSP GROUP, INC.** |
**ABDUL HAMID KABANI,** *and* |
**JASLYN HUYNH AKA JASLYN SELLERS** |
|
          Defendants. |
|
-------------------------------------------------------- x

 

 

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT KABANI AND KABANI & CO.'S
## MOTION TO DISMISS COMPLAINT

 

 

           Filed By:   Baruch S. Gottesman, Esq.
                      185 Union Turnpike
                      Fresh Meadows, NY 11366
                      Phone: (212) 401-6910
                      e-mail: <bg@gottesmanlegal.com>

### i.   Table of Contents

**A.  Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**B.  Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**C.  Factual Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**D.  Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      **1.**     The Complaint does not and cannot plausibly allege
             tortious wrongdoing by the Defendants . . . . . . . . . . . . . . . . . . . . . . 7

             i.     The Court must consider the Public Reports
                      and must not give weight to the
                      anonymous hearsay reporting . . . . . . . . . . . . . . . . . . . 8

             ii.    The limited scope of the claims
                      against the Auditors . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      **2.**     The Complaint does not and cannot plausibly allege
             liability by CGA's then-current auditors . . . . . . . . . . . . . . . . 12

      **3.**     The Complaint does not and cannot plausibly allege
             co-liability by the Kabani Defendants
             for their successor's actions . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**E.**        **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

### A.  Table of Authorities

Advanced Battery Techs., Inc. v. Bagell,
   781 F.3d 638 (2d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Brody v. Stone & Webster, Inc.,
   414 F.3d 187 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Chill v. G.E.,
   101 F.3d 263 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Conley v. Gibson,
   355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Cortec Industries, Inc. v. Sum Holdiung L.P.,
   949 F.2d 42 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Decker v. Massey-Ferguson, Ltd.,
   681 F.2d 111 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Endemann v. Liberty Ins. Corp.,
   390 F. Supp. 3d 362 (N.D.N.Y. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hernandez v. Coughlin,
   18 F.3d 133, 136 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,
   62 F.3d 69 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nicosia v. Amazon.com, Inc.,
   834 F.3d 220 (2d Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Phelps v. Kapnolas,
   308 F.3d 180 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rothman v. Gregor,
   220 F.3d 81 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 15

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
   551 U.S. 308 (2007. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Wimberly v Experian Info. Solutions,
   2021 US Dist LEXIS 18748,(S.D.N.Y. Feb. 1, 2021) . . . . . . . . . . . . . . 9

### B.     Introductory Statement

The Plaintiff seeks to impose liability on Defendants Kabani & Co., Inc. and Mr. Abdul Hamid Kabani (referred to in this Memo collectively as "Kabani" unless otherwise noted), who were CGA's auditors before the Plaintiff's investment.

Accepting for purposes of this argument on the Motion to Dismiss, that the Plaintiff realized losses of approximately $1.25 million dollars (Complaint ¶¶ 2, 1, 6, 81, 89), Kabani empathizes with the Plaintiff's disappointment with the direction of CGA's stock price through the height of the COVID crisis in June 2020. But the Complaint does not state a claim against CGA, does not plausibly allege wrongdoing by the auditors, and certainly cannot leapfrog even further and hold the prior auditor responsible. Because the Plaintiff has not and cannot allege that the Kabani Defendants bear any legal liability for their ill-fated investment, we respectfully submit that the Amended Complaint should be dismissed as against the Kabani Defendants with prejudice.

In order to plausibly allege that liability should be imposed on the Kabani Defendants, the Complaint must jump three hurdles. The Complaint must plausibly allege that CGA engaged in wrongdoing (Compl. ¶¶ 97, 99). The Complaint then needs to plausibly allege highly unreasonable conduct on the part of the then-current auditor, which would need to represent an extreme departure from the standard of ordinary care.

As a final step, the Complaint must allege that Kabani is liable for the actions of his successor.

Respectfully, the Complaint cannot bound any of these hurdles. This Memorandum will explain why, and it will do so following the following roadmap:

- <u>The Plaintiff has not and cannot allege wrongdoing by CGA</u>

  As CGA showed (ECF Doc. 66-1, pp. 5–19) the allegations in the Complaint about supposed wrongdoing are incorrect. These allegations are based on a misreading of the annual reports, misstatement of the record, and a misunderstanding of CGA's business.

  Therefore, the supposed wrongdoing by Kabani identified by the Plaintiff in their Complaint (¶¶ 97 and 99) is factually baseless and incontrovertibly contradicted by the documentary record.

  In this Memorandum we adopt those arguments and we supplement those arguments with a discussion of what documents this Court may consider on the Motion to Dismiss and emphasize the narrow scope of the claims against the auditors.

- <u>Next, the Plaintiff has not and cannot allege liability by the auditors</u>

  As the then-current auditor (Ms. Sellers) argued (ECF Doc. 90) and will fully explore in their Memorandum in Support of the Motion to Dismiss, the only direct allegations against the auditors is in Count 3, which is a naked recital of the standards for audits under the Private Securities Litigation Reform Act.

  But the PSLRA exists to encourage early disposal of frivolous shareholder suits. The Complaint needs to plead what *the auditors* said and did which was misleading and meet Rule 9(b) fraud requirements, as discussed fully below. They have not done so.

  Since the Complaint does not and cannot make specific allegations against the auditors and it must be dismissed with prejudice.

- <u>Last, the Plaintiff has not and cannot allege Kabani's responsibility for his successor's actions</u>

  Even assuming the Plaintiff has plausibly alleged a claim against CGA; and even assuming that the Plaintiff has met the heightened pleading requirements to hold the auditors liable – this case must still be dismissed with prejudice as to Kabani.

  The Plaintiff also trips on the last hurdle. The Complaint has not and cannot allege any liability by Kabani for the actions of their successor.

For these reasons, the Kabani Defendants respectfully move to dismiss the Complaint against them with prejudice.

### C.      Factual Background

The Amended Complaint (ECF Doc. 57 – referred to here as the "Complaint") is carefully analyzed by Defendant China Green Agriculture, Inc. in their Memorandum in Support of their Motion to Dismiss (ECF Doc. 66-1, pp. 5–19). We incorporate that discussion by reference.  This background will be kept short and broadly review the nature of the case highlighting how the Complaint unsuccessfully tries to leapfrog over several lily pads in an attempt to impose liability on the Kabani Defendants, CGA's former auditors.

The other Defendants provided an extensive review and analysis of the Complaint in their Motions to Dismiss.  The Kabani Defendants adopt those arguments and add their additional perspective as follows:

The Complaint describes Plaintiff as an unusually sophisticated investor who began to purchase CGA shares after his review of CGA's quarterly and annual reports, which were publicly filed.  The Complaint describes the Plaintiff's contentious attendance at the CGA annual meeting in 2018 where the Plaintiff "harshly criticized" the management based on the Plaintiff's personal disagreement with the CGA's fully disclosed business plan and practices.   The Plaintiff was fully informed about the Company and its management and publicly acknowledged his disagreement with the corporate management's philosophy and business practices - and yet he continued to hold shares in the Company through 2018.  The Complaint further describes how the Plaintiff physically visited factories in Xi'an and Gufeng to research the strength of the Company.  After his on-the-ground investigation he chose to keep his chips on the table (Complaint ¶ 89).

To Summarize: The Complaint alleges that the Plaintiff had access to all publicly available information about the company, the Plaintiff had the opportunity to argue for a different business management philosophy at the 2018 annual meeting, and the Plaintiff was able to conduct independent research. This research included nonpublic conversations with the management and several independent site visits at cities in China. The Complaint alleges that even after having access to all public and a substantial amount of non-public information, the Plaintiff considered his options and elected to continue holding over a million dollars' worth of shares in CGA. (Complaint ¶ 89).

The Complaint alleged that from the middle of 2018 the Plaintiff had accumulated shares of "over $1.5 million" of shares in CGA until he visited the company's storehouses in Gufeng in March 2019 and finally "found the truth", he suffered substantial investment losses (Complaint ¶ 89), for which he seeks to hold the Defendants liable.

The Complaint seeks to impose liability on the Auditors for failing to disclose illegal acts and for failure to provide a "going concern" warning before 2020. And with respect to the Kabani Defendants, the Complaint also alleges that Kabani, as the former auditors pulled the puppet strings of his successor and is therefore responsible for failures by the then-current auditor's wrongdoing.

## C.     ARGUMENT

### a.     The Complaint does not and cannot plausibly allege wrongdoing by the Defendants

We adopt and incorporate by reference the arguments made by the CGA (Defendants Memorandum of Law in Support, ECF Doc. 66-1, pp. 20–24).  CGA showed that the allegations in the Complaint misread the annual reports, misstate the record, and misunderstand CGA's business model.

Below we will emphasize, highlight and supplement CGA's argument by further explanation of why the Court *must* consider the public reports in full, and why the Court *must not* give any weight to the anonymous, hearsay, second- and third-hand reporting alleged by the Plaintiff (Compl. ¶¶ 30–34, 38–41, *et passim*).  We will also point out that "Count 1" and "Count 2" are not alleged against the Auditors and Kabani; and that the Complaint's failures are doubly true for the allegations in "Count 3" which vainly attempt to rope in the auditors as liable for the Plaintiff's alleged losses.

### i.     The Court must consider the Public Reports and must not give weight to the anonymous hearsay reporting

Courts in this Circuit recognize that: "In deciding whether a complaint states a claim, a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  Phelps v. Kapnolas, 308 F.3d 180, 184-185 (2d Cir. 2002) *citing* Conley v. Gibson, 355 U.S. 41 (1957) and Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994)

The Second Circuit held that for purposes of determining what material facts have been alleged, "the complaint is deemed to include any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it

by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (*citing*

Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (*per*

*curiam*) (*quoting* Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)).

*See also* Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016).

   For that reason, the Kabani Defendants emphasize, highlight and

supplement the CGA Defendants at footnote 1, where CGA noted that the Court may take

judicial notice of the annual reports because they are publicly available documents.

While that's true, it is also the case that the Plaintiff incorporated the annual reports by

reference – and they are the essence of his claim (Compl. ¶¶ 8, 9, 24, 35, 89, *et passim*).

Since they are incorporated into the Complaint and must be considered in full on a Motion

to Dismiss, and plainly the contradict the Plaintiff's allegations.

   As this court has noted, "The Court's obligation to construe *pro se*

submissions liberally does not require the Court to accept allegations that are contradicted

by documents incorporated by reference in the complaint." Wimberly v Experian Info.

Solutions, 2021 US Dist LEXIS 18748, at *5-6 (S.D.N.Y. Feb. 1, 2021) (citation omitted).

And therefore "[w]hen documents attached to the complaint as exhibits or incorporated by

reference in the complaint contain statements that contradict the allegations in the

complaint, the documents control and the Court need not accept the allegations as true."

Wimberly, *Id*. at *8 *citing* Endemann v. Liberty Ins. Corp., 390 F. Supp. 3d 362 (N.D.N.Y.

2019).

   By contrast the anonymous hearsay reporting *must not* be considered on this

Motion to Dismiss because the Defendants are not in any position to respond to them.

The Complaint's alleges that the Plaintiff engaged in on-the-ground investigation of CGA's

factories. He alleges that during the slow season, he made a single visit to a single gate of a single warehouse at which he observed 2 trucks over 3 hours. CGA has already explained why this isolated observation on a random day during the slow season is not indicative of anything (See Memo, ECF Doc. 66-1, p. 20).

The Kabani Defendants emphasize, highlight and supplement that discussion by noting that all the other allegations about the on-the-ground reporting are inadmissible in a Motion to Dismiss. For those second- and third-hand hearsay and extraneous allegations to be incorporated into the Complaint for consideration on a Motion to Dismiss the Defendants must have actual notice of what those allegations are. In Cortec Industries, Inc. v. Sum Holdiung L.P., 949 F.2d 42 (2d Cir. 1991) the court highlighted the problem when there is lack of notice to the *plaintiff* that extraneous documents will be considered on a Motion to Dismiss. *Id*. at 48.

In this case the Defendants need to be protected. They are being asked to respond to anonymous hearsay allegations. The Defendants have no notice of who the reporter is, what their interest in this case may be, what they observed, where they observed, who spoke with them, or any other basic information that may allow the Defendants to corroborate, contradict or give context to those allegations. The Defendants are also not in possession of how that information was transferred to the Plaintiff (including whether any translation was used, or whether it was in writing or oral) nor do the Defendants know how accurately the Plaintiff summarized the reporting in their Complaint.

Therefore except for the Plaintiff's personal observation over three hours on one day, at one warehouse, at one gate, during the slow season; the court must not take

into account any other third-hand hearsay about the facts on the ground. Under the PSLRA's heightened pleading standards, the company (and the Kabani Defendants) cannot be thrown into the fishing expedition of Discovery based on such unreliable, self-contradictory, inadmissible, and incoherent third hand reporting.

ii. **The Limited Scope of the Claims Against the Auditors**

Our last point in this section will just emphasize the limited scope of the claims against the auditor Defendants in general and the Kabani Defendants in particular. The Complaint includes what it styles three "Counts" – the first two are against CGA and "All Individual Defendants". In turn, the Complaint defines "Individual Defendants" as the corporate management of CGA (Complaint ¶ 18). It is Count 3 which recites the auditing requirements under the PSLRA and seeks to impose liability on the auditors (and their predecessor) for failing to meet them.

To be clear, though, there are only two allegations at play when it comes to the Causes of Actions pursued by the Plaintiff:

1. The allegation that the auditors failed to "provide reasonable assurance of detecting illegal acts" (Complaint ¶ 97); and

2. The allegation that the auditors failed to "given an evaluation of whether there is substantial doubt about the ability of the [Company] to continue as a going concern" (Complaint ¶ 99).

The allegation of "related party transaction" is an allegation that the *auditors* failed to disclose that they were controlled by their predecessor. (Compl. ¶ 98). Even if true, that is not a PSLRA violation and is not alleged as a cause of action here.

While the next section of this Memorandum of Law will emphasize how the Complaint fails to allege securities fraud scienter, it is plain that the primary complaint against CGA cannot stand, and certainly cannot stand as against the Auditors including the Kabani Defendants.

## C.    ARGUMENT

### b.    The Complaint does not and cannot plausibly allege liability by CGA's then-current auditors

The Complaint attempts to shift the burden of proof to the Defendants. The Plaintiff argues that: "[f]or such a kind of fraudster mentality and actions, how to prove they [did] not [act with] scienter?" (Compl. 77).

While rhetorically powerful, the Second Circuit has confirmed that a PSLRA Complaint must "adequately plead facts giving rise to a strong inference that the Auditor Defendants acted with 'scienter, a mental state embracing intent to deceive, manipulate, or defraud'" Advanced Battery Techs., Inc. v. Bagell, 781 F.3d 638, 644 (2d Cir. 2015) citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007). And Advanced Battery further requires a court to "consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff". Id.

Put simply, the Plaintiff have the burden here. And that burden requires the Complaint to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Rothman v. Gregor, 220 F.3d 81, 98 (2d Cir. 2000). As Rothman shows, even if the Auditor Defendants had violated various GAAP provisions in this case (*they haven't, as shown above*), a Complaint fails if those allegations are "without corresponding fraudulent intent". Rothman, *Id.*, *citing* Chill v. G.E., 101 F.3d 263 (2d Cir. 1996).

With that background – let's turn to the Complaint and analyze what it actually alleges about the auditors.

¶¶ 61–69 of the Complaint alleges that the Auditor Defendants hid the "true relation" between the then-current auditors and the Kabani Defendants. It presents a narrative about a decade's old discrepancies in Kabani's work with other companies and how this was hidden by the creation of a new firm, in which Defendant Sellers was installed.

All of this is groundless, of course, as explained by Defendant Sellers in her Motion to Dismiss. But more importantly, none of this shows scienter with respect to the reports at issue here. Nor do they establish the "related party transaction" alleged in ¶ 98 of the Complaint. They also do not give rise to a cause of action by a shareholder, as explained by Defendant Sellers in her Motion to Dismiss.

For this reason, the "Allegation 1" as the Complaint describes it, fails to even hint that the Plaintiff has a claim under Section 10(B).

Let's turn to "Allegation 2".

¶¶ 70–77 of the Complaint describes suspicions that the Plaintiff claims he raised with the auditors by e-mail in 2017 and 2018. The Plaintiff acknowledges that "the auditor's knowledge is limited to that acquired through the audit. Thus, it is understandable that it is not assured for an auditor to find all the frauds in the financial statement". Complaint ¶ 71. Yet the Plaintiff then goes on and claims that the cash balance issue was intentionally misstated by the Auditor. In fact, they were accurate.

But even if we take the inaccuracies in the audit as a given: According to the Complaint, why did the auditor err and fail to fulfil their professional responsibilities?

The Plaintiff describes the Auditor's intent as follows: "KSP earned $370,000 audit fee for fiscal year 2018", (Complaint ¶ 75); and KSP cooperated to "g[e]t rewarded by audit fee." (Complaint ¶ 77). As a sister circuit commented: "absent truly extraordinary circumstances, an auditor's motivation to continue a profitable business relationship is not sufficient by itself to support a strong inference of scienter." Brody v. Stone & Webster, Inc., 414 F.3d 187, 215 (1st Cir. 2005).

In short – the Plaintiff alleges (*wrongly*) that the audits reports were incorrect. But the Auditors were not in privity with the individual shareholder and mere negligence (or even wrong audits) would not give the Plaintiff standing to bring a claim against the auditors under the PSLRA. The Plaintiff has not and cannot allege any non-conclusory facts that show the auditor's intent to participate in any *fraud*.

Since the cash balance was accurate, the audits were correct, and the Plaintiff has failed to even allege that the Auditor Defendants "approximate[d] an actual intent to aid in the fraud being perpetrated by the audited company" Rothman, *Id. citing* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 120-21 (2d Cir. 1982), the 10(A) claims in the Complaint must be dismissed as against the auditors with prejudice.

There is an eyebrow raising section of the Complaint that is titled as: "Scienter allegations". It begins on p. 31, l. 8 and continues through ¶¶ 78–80. The title oversells the substance though, as it alleges no non-conclusory facts about the Defendants. Rather it posits some rhetorical questions about the Defendants behavior; and makes bold but vague allegations entirely disconnected from any factual claims. No scienter is actually alleged in the "Scienter Allegations" section of the Complaint.

      c.    **The Complaint does not and cannot plausibly allege**
            **co-liability by the Kabani Defendants**
            **for their successor's actions**

We turn now to the third hurdle.  Assuming for the sake of argument that CGA misreported their income and the Plaintiff has plausibly alleged the elements of a PSLRA claim.  We will also assume for the sake of the argument in this section that the Plaintiff has plausibly alleged wrongdoing akin to fraud by the then-current auditor.

The final hurdle the Plaintiff would need to bound in order to impose liability on Kabani is to plausibly allege *Kabani's responsibility* for the actions of their successor.  The Plaintiff has not made and cannot make any such allegation.

The factual basis for his argument to impose liability on the former auditors is summarized in Compl. ¶ 22 which flippantly describes Sellers as being "basically an employee of Kabani" in 2017 - 2020.  The Plaintiff waves his arms and claims that notwithstanding the statements in the 8-K report with the SEC, which confirms the independence of KSP Group, Inc. from its predecessor: "No, it is not true.  And the truth is these two compan[ies] are still under the control of Kabani." (Compl. ¶ 63).

The *only* non-conclusory factual basis for this bold allegation is that a relative of Mr. Kabani served as registered agent of the new company when it organized itself as a California corporation *before* the current auditor began its operation (Compl. ¶ 66), and years ago Mr. Kabani had mentored the principal of the then-current auditors – among dozens of individuals who Mr. Kabani has mentored over the years.

Thin gruel indeed.

First – as a matter of law –these scattershot allegations about a family member serving as Registered Agent and Mr. Kabani's former mentorship plainly fail to

"state with particularity facts giving rise to a strong inference that the Kabani Defendants acted with the required state of mind" <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 345 (2005). And they also fail to establish any theory that would impose Ms. Sellers' liability on her predecessor.

Second – as a matter of fact – the Plaintiff's allegations are not true. The Complaint alleges that "[o]nly until November 25, 2019, KSP's registered agent was changed to Jaslyn Seller." (Compl. ¶ 21). In fact, the California Secretary of State of Information for KSP Group, Inc. for 2017 (of which this Court may take judicial notice) shows that Ms. Huynh (Sellers) was named as the Registered Agent at least as of March 28, 2017, long before the Plaintiff claims he became a shareholder, Gottesman Affirmation Exhibit A. She remained listed as the Registered Agent through 2018 and 2019 as well. *See* Gottesman Affirmation Exhibits B and C. To the extent that the entire house of cards relies on the claim that a family member of Mr. Kabani served as the Registered Agent, the record shows otherwise.

The public record available from the PCAOB also shows Ms. Sellers independence. Attached as Exhibit D to the Gottesman Affirmation is a copy of a "Form 3 Special Report" filed by KSP Group, Inc. on April 5, 2017 confirming a change in the Firm, as Ms. Sellers took over. At Question 2.18 (Page 3) Ms. Sellers confirmed that she was taking responsibility for the firm and its actions: Not Mr. Kabani; and not any relative of Mr. Kabani. That independence was confirmed further in the Auditor Reporting of Certain Audit Participants for 2017 which confirmed that there was no "Divided Responsibility". *See* Gottesman Affirmation Exhibit E, Item 3.2 and Item 3.3 on page 3. (*See also* Gottesman Affirmation Exhibits F and G for 2018 and 2019).

If there was even a *whiff of suspicion* that Ms. Seller's was not entirely independent, the PCAOB (who were engaged in an investigation of Mr. Kabani and whose subpoena and investigative powers are, respectfully, far stronger than the Plaintiffs') would not have limited the revocation to Mr. Kabani (*See* Compl. ¶ 64).

Third – the Plaintiff had not even attempted to allege the elements of Civil Conspiracy. The Plaintiff has not alleged any agreement between the Kabani Defendants and Ms. Sellers, the specifics of when that agreement was made, the object of the conspiracy, or any other fact whatsoever that could plausibly support a civil conspiracy claim. So even if the facts alleged about Mr. Kabani's relationship with the successor firm were true (they are not) and even if those facts showed he had some control (they don't), the necessary elements of civil conspiracy have not been alleged.

Fourth – the Plaintiff has not even attempted to make out any principal-agent or other agency theory that would impose liability on the former auditors for alleged wrongdoing years later.

Therefore, in the absence of any law or fact on their side; and in the absence of any allegations related to a civil conspiracy, agency or any other theory by which the Plaintiff can impose liability on the Kabani Defendants for the alleged fraud by their successors, the Complaint must be dismissed with prejudice as against the Kabani Defendants.

\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \
\ \ \

*[Remainder of Page Intentionally Left Blank]*

**Conclusion**

We end where we began.  The Kabani Defendants have sincere empathy with the Plaintiff for his alleged losses suffered by the downturn in the market through COVID, and how that downturn hit CGA stock in particular.  But for the reasons described above, the Complaint has not plausibly alleged any cause of action against the Kabani Defendants, and this Complaint (as to the Kabani Defendants) must be dismissed with prejudice.


Dated: **JULY 6, 2021**


RESPECTFULLY SUBMITTED,

BARUCH S. GOTTESMAN, ESQ.
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
E-mail: <bg@gottesmanlegal.com>
*Attorney for Kabani Defendants*

Served Via ECF on All Parties
as a Courtesy, also served by e-mail on the *pro se* Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
                                        |

**GANG CHEN,**                                   |

                   Plaintiff,           |     **Index No.: <u>1:20-cv-09232-MKV-SDA</u>**

                                          |

     *~ against ~*                        |

                                          |

**CHINA GREEN AGRICULTURE, INC.,**  |
**ZHUOYO LI, YONGCHENG YANG,**    |
**DAQING ZHU,**                              |
**KABANI & COMPANY, INC.,**         |
**KSP GROUP, INC.**                         |
**ABDUL HAMID KABANI**, *and*       |
**JASLYN HUYNH AKA JASLYN SELLERS**|

                                          |

               Defendants.      |

-------------------------------------------------------- x

    A.    <u>**Introduction**</u>

    1.    I am **BARUCH GOTTESMAN, ESQ**, counsel for Defendants Kabani & Company, Inc. and KSP Group, Inc.

    2.    In my Memorandum of Law in Support of the Motion to Dismiss I make reference to two sets of public records: Public Records with the California Secretary of State; and Public Records with the Public Company Accounting Oversight Board (PCAOB), roughtly equivalent to the "bar" for auditors of public companies.

    3.    I respectfully submit that these Public Records appropriate for consideration on this Motion to Dismiss because the court may take judicial notice

of them. See, e.g., <u>Blue Tree Hotels Inv. (Canada), Ltd. v Starwood Hotels & Resorts Worldwide, Inc.</u>, 369 F.3d 212, 217 (2d Cir. 2004) (confirming that the Court may take judicial notice of Public Records); <u>Buari v City of New York</u>, 2021 US Dist LEXIS 61273, at *15 (S.D.N.Y. Mar. 30, 2021).

    4.    The records include the following:

| Exhibit | Document |
|---------|----------|
| Exhibit A | California Secretary of State, Statement of Information of KSP Group, Inc. (Form SI-550, dated March 28, 2017) |
| Exhibit B | California Secretary of State Statement of Information of KSP Group, Inc. (Form S, dated February 13, 2018) |
| Exhibit C | California Secretary of State Statement of Information of KSP Group, Inc. (Form S, dated October 15, 2019) |
| Exhibit D | Public Company Accounting Oversight Board Form 3 Special Report of KSP Group, Inc. Filed April 5, 2017 |
| Exhibit E | Public Company Accounting Oversight Board Form AP (Auditor Reporting) KSP Group, Inc. dated December 13, 2017 |
| Exhibit F | Public Accounting Oversight Board Form AP (Auditor Reporting) KSP Group, Inc. dated November 7, 2018 |

5.      These Exhibits are true and accurate copies of their originals.

Dated: **JULY 6, 2021**

RESPECTFULLY SUBMITTED,

BARUCH S. GOTTESMAN, ESQ.
185-12 Union Turnpike
Fresh Meadows, NY 11366
Phone: (212) 401-6910
E-mail: <bg@gottesmanlegal.com>
*Attorney for Kabani Defendants*

Served Via ECF on All Parties
as a Courtesy, also served by e-mail on the *pro se* Plaintiff

## Secretary of State
## Statement of Information
(California Stock, Agricultural Cooperative and Foreign Corporations)

**SI-550**

**IMPORTANT** — Read instructions before completing this form.

**Fees (Filing plus Disclosure) – $25.00**;

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

| 1. Corporation Name (Enter the exact name of the corporation as it is recorded with the California Secretary of State. Note: If you registered in California using an assumed name, see instructions.) |
|---|
| KSP GROUP, INC. |

*This Space For Office Use Only*

**2. 7-Digit Secretary of State File Number**

**3782644**

### 3. Business Addresses

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Executive Office - Do not list a P.O. Box<br>5757 W CENTURY BLVD, SUITE 303 | LOS ANGELES | CA | 90045 |
| b. Mailing Address of Corporation, **if different than item 3a** | | State | Zip Code |
| c. Street Address of Principal **California** Office, if any and if different than Item 3a - Do not list a P.O. Box<br>5757 W CENTURY BLVD, SUITE 303 | LOS ANGELES | CA | 90045 |

### 4. Officers

The Corporation is required to list all three of the officers set forth below. An additional title for the Chief Executive Officer and Chief Financial Officer may be added; however, the preprinted titles on this form must not be altered.

| a. **Chief Executive Officer/**<br>JASLYN | First Name | Middle Name | Last Name<br>HUYNH | Suffix |
|---|---|---|---|---|
| Address<br>5757 W CENTURY BLVD, SUITE 303 | | City (no abbreviations)<br>LOS ANGELES | State<br>CA | Zip Code<br>90045 |
| b. **Secretary**<br>JASLYN | First Name | Middle Name | Last Name<br>HUYNH | Suffix |
| Address<br>5757 W CENTURY BLVD, SUITE 303 | | City (no abbreviations)<br>LOS ANGELES | State<br>CA | Zip Code<br>90045 |
| c. **Chief Financial Officer/**<br>JASLYN | First Name | Middle Name | Last Name<br>HUYNH | Suffix |
| Address<br>5757 W CENTURY BLVD, SUITE 303 | | City (no abbreviations)<br>LOS ANGELES | State<br>CA | Zip Code<br>90045 |

### 5. Director(s)

California Stock and Agricultural Cooperative Corporations ONLY: **Item 5a:** At least one name **and** address must be listed. If the Corporation has additional directors, enter the name(s) and addresses on Form SI-550A (see instructions).

| a. First Name<br>JASLYN | Middle Name | Last Name<br>HUYNH | Suffix |
|---|---|---|---|
| Address<br>5757 W CENTURY BLVD, SUITE 303 | City (no abbreviations)<br>LOS ANGELES | State<br>CA | Zip Code<br>90045 |

b. Number of Vacancies on the Board of Directors, if any

### 6. Service of Process (Must provide either Individual **OR** Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation)<br>JASLYN | Middle Name | Last Name<br>HUYNH | Suffix |
|---|---|---|---|
| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box**<br>5757 W CENTURY BLVD, SUITE 303 | City (no abbreviations)<br>LOS ANGELES | State<br>CA | Zip Code<br>90045 |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

### 7. Type of Business

| Describe the type of business or services of the Corporation<br>ACCOUNTANCY |
|---|

### 8. The Information contained herein, including in any attachments, is true and correct.

| 03-28-2017 | JASLYN HUYNH | PRESIDENT | *Jaslyn Huynh* |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

SI-550 (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

# State of California
## Secretary of State

**S**

### Statement of Information
**(Domestic Stock and Agricultural Cooperative Corporations)**
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. **CORPORATE NAME**

2. **CALIFORNIA CORPORATE NUMBER**

*This Space for Filing Use Only*

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 17.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/ | | | | |
| 8. SECRETARY | | | | |
| 9. CHIEF FINANCIAL OFFICER/ | | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME | | | | |
| 11. NAME | | | | |
| 12. NAME | | | | |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** CITY | | STATE | ZIP CODE |
|---|---|---|---|

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |
|---|---|---|---|

SI-200 (REV 01/2013)      APPROVED BY SECRETARY OF STATE

# State of California
## Secretary of State

**S**

## Statement of Information
**(Domestic Stock and Agricultural Cooperative Corporations)**
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. **CORPORATE NAME**

2. **CALIFORNIA CORPORATE NUMBER**

*This Space for Filing Use Only*

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 17.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/ | | | | |
| 8. SECRETARY | | | | |
| 9. CHIEF FINANCIAL OFFICER/ | | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME | | | | |
| 11. NAME | | | | |
| 12. NAME | | | | |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS

15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL**    CITY    STATE    ZIP CODE

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| | | | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

SI-200 (REV 01/2013) | **Page 1 of 1** | APPROVED BY SECRETARY OF STATE



Case 1:20-cv-09232-MKV Document 95-3 Filed 07/26/21 Page 1 of 14

PCAOB® Public Company Accounting Oversight Board

# FORM 3

## SPECIAL REPORT

*Registered public accounting firms* must provide any required special report and any amendments thereto to the PCAOB by completing and submitting this Form according to the instructions to Form 3.

It is important to refer to the instructions when completing each item of the Form. The Firm is responsible for completing each item according to those instructions, and should not merely rely on the Firm's own interpretation of the item descriptions appearing in this Form.

Terms that appear in italics have specific defined meanings that the Firm must apply in completing this Form. The definitions are found in PCAOB Rule 1001.

Note: If the Firm is filing this Form 3 to report that the Firm's legal name has changed, the name entered in Item 1.1.a should be the Firm's legal name before the name change that is being reported. The Firm's new name should be included in the response to Item 1.1.c.

### PART I - IDENTITY OF THE FIRM

### ITEM 1.1 NAME OF THE FIRM

a. State the legal name of the Firm

KSP Group, Inc.

b. Other names used in *audit reports*

c. If the Firm is filing this Form 3 to report that the Firm's legal name has changed, state the new legal name of the Firm

Note: The name provided in Item 1.1.c will be the name under which the Firm is registered with the *Board* if this Form is filed in accordance with Rule 2203.

**Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.**

| PART II - REASON FOR FILING THIS REPORT | CHECK ALL THAT APPLY |
|---|---|

Indicate, by checking the relevant box(es) from among Items 2.1 through 2.18 below, the event(s) being reported on this Form. More than one event may be reported in the same Form 3 filing. For each event indicated below, proceed to the Parts and Items of this Form indicated parenthetically for the specific event being reported and provide the information therein described. Provide responses only to those Parts and Items of the Form specifically indicated for the event or events that the Firm identifies in this Part II as an event being reported on this Form. (For example, if the Form is being filed solely to report that the Firm has changed its name, check the box for Item 2.17 in this Part of the Form, and complete only Item 7.1 and Part VIII of the Form.) If the Firm is filing this Form to amend a previous filing, the Firm also should complete Item 2.19.

Note: In Items 2.4 through 2.11 and Item 2.15, the reportable event is described in terms of whether the Firm "has become aware" of certain facts. For these purposes, the Firm is deemed to have become aware of the relevant facts on the date that any partner, shareholder, principal, owner, or member of the Firm first becomes aware of the facts.

| | *AUDIT REPORTS* | |
|---|---|---|
| 2.1 | The Firm has withdrawn an *audit report* on an *issuer's* financial statements, or withdrawn its consent to the use of its name in a report, document, or written communication containing an *issuer's* financial statements, and the *issuer* has failed to comply with a *Commission* requirement to make a report concerning the matter pursuant to Item 4.02 of *Commission* Form 8-K. (Complete Item 3.1 and Part VIII.) | ë |
| 2.1-C | The Firm has resigned, declined to stand for re-appointment, or been dismissed from an *audit* engagement as principal *auditor* (or an *auditor* upon whom the *issuer's* principal *auditor* expressed reliance in its report regarding a significant subsidiary), and the *issuer* has failed to comply with a *Commission* requirement to make a report concerning the matter pursuant to Item 4.01 of *Commission* Form 8-K. (Complete Item 3.2 and Part VIII.) | ë |
| 2.2 | The Firm has issued *audit reports* with respect to more than 100 *issuers* in a calendar year immediately following a calendar year in which the Firm did not issue *audit reports* with respect to more than 100 *issuers*. (Complete Part VIII.) | ë |
| 2.3 | The Firm has issued *audit reports* with respect to 100 or fewer *issuers* in a completed calendar year immediately following a calendar year in which the Firm issued *audit reports* with respect to more than 100 *issuers*. (Complete Part VIII.) | ë |
| | CERTAIN LEGAL PROCEEDINGS | |
| 2.4 | The Firm has become aware that the Firm has become a defendant in a criminal proceeding prosecuted by a governmental criminal law enforcement authority. (Complete Item 4.1 and Part VIII.) | ë |
| 2.5 | The Firm has become aware that, in a matter arising out of its conduct in the course of providing *audit services* or *other accounting services* to an *issuer, broker, dealer*, a partner, shareholder, principal, owner, member, or *audit* manager of the Firm has become a defendant in a criminal proceeding prosecuted by a governmental criminal law enforcement authority. (Complete Item 4.1 and Part VIII.) | ë |
| 2.6 | The Firm has become aware that a partner, shareholder, principal, owner, member, or *audit* manager of the Firm who provided at least ten hours of *audit services* for any *issuer, broker, or dealer* during the Firm's current fiscal year or its most recently completed fiscal year has become a defendant in a criminal proceeding prosecuted by a governmental criminal law enforcement authority and is charged with fraud, embezzlement, forgery, extortion, bribery, obstruction of justice, perjury, or false statements; or charged with any crime arising out of alleged conduct relating to accounting, auditing, securities, banking, commodities, taxation, consumer protection, or insurance. (Complete Item 4.1 and Part VIII.) | ë |
| 2.7 | The Firm has become aware that, in a matter arising out of the Firm's conduct in the course of providing professional services for a client, the Firm has become a defendant or respondent in a civil or alternative dispute resolution proceeding initiated by a governmental entity or in an administrative or disciplinary proceeding other than a *Board* disciplinary proceeding. (Complete Item 4.1 and Part VIII.) | ë |
| 2.8 | The Firm has become aware that, in a matter arising out of his or her conduct in the course of providing *audit services* or *other accounting services* to an *issuer, broker, dealer*, a partner, shareholder, principal, owner, member, or *audit* manager of the Firm has become a defendant or respondent in a civil or alternative dispute resolution proceeding initiated by a governmental entity or in an administrative or disciplinary proceeding other than a *Board* disciplinary proceeding. (Complete Item 4.1 and Part VIII.) | ë |
| 2.9 | The Firm has become aware that, in a matter arising out of his or her conduct in the course of providing professional services for a client, a partner, shareholder, principal, owner, member, or *audit* manager of the Firm who provided at least ten hours of *audit services* for any *issuer, broker, or dealer* during the Firm's current fiscal year or its most recently completed fiscal year has become a defendant or respondent in a civil or alternative dispute resolution proceeding initiated by a governmental entity or in an administrative or disciplinary proceeding other than a *Board* disciplinary proceeding. (Complete Item 4.1 and Part VIII.) | ë |
| 2.10 | The Firm has become aware that a proceeding meeting the criteria described in Items 2.4, 2.5, 2.6, 2.7, 2.8, or 2.9 above has been concluded as to the Firm or a partner, shareholder, principal, owner, member, or *audit* manager of the Firm (whether by dismissal, acceptance of pleas, through consents or settlement agreements, the entry of a final judgment, or otherwise). (Complete Item 4.2 and Part VIII.) | ë |
| 2.11 | The Firm has become aware that the Firm, or the parent or a subsidiary of the Firm, has become the subject of a petition filed in a bankruptcy court, or has otherwise become the subject of a proceeding in which a court or governmental agency (or, in a non- U.S. jurisdiction, a person or entity performing a comparable function) has assumed jurisdiction over substantially all of the assets or business of the Firm or its parent or a subsidiary. (Complete Item 4.3 and Part VIII.) | ë |

**Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.**

| | CERTAIN RELATIONSHIPS | |
|---|---|---|
| 2.12 | The Firm has taken on as an employee, partner, shareholder, principal, or member, or has otherwise become owned or partly owned by, a person who is currently the subject of (a) a *Board* disciplinary sanction suspending or barring the person from being an *associated person of a registered public accounting firm*, (b) a *Commission* order suspending or denying the privilege of appearing or practicing before the *Commission*, or (c) a court-ordered injunction prohibiting appearance or practice before the *Commission*. (Complete Item 5.1 and Part VIII.) | e |
| 2.13 | The Firm has become owned or partly owned by an entity that is currently the subject of (a) a *Board* disciplinary sanction suspending or revoking that entity's registration or disapproving that entity's application for registration, (b) a *Commission* order suspending or denying the privilege of appearing or practicing before the *Commission*, or (c) a court-ordered injunction prohibiting appearance or practice before the *Commission*. (Complete Item 5.2 and Part VIII.) | e |
| 2.14 | The Firm has entered into a contractual or other arrangement to receive consulting or other professional services from a person or entity meeting any of the criteria described in Items 2.12 or 2.13 above. (Complete Item 5.3 and Part VIII.) | e |
| | LICENSES AND CERTIFICATIONS | |
| 2.15 | The Firm has become aware that its authorization to engage in the business of auditing or accounting in a particular jurisdiction has ceased to be effective or has become subject to conditions or contingencies other than conditions or contingencies imposed on all firms engaged in the business of auditing or accounting in the jurisdiction. (Complete Item 6.1 and Part VIII.) | e |
| 2.16 | The Firm has obtained a license or certification authorizing the Firm to engage in the business of auditing or accounting and which has not been identified on any Form 1 or Form 3 previously filed by the Firm, or there has been a change in a license or certification number identified on a Form 1 or Form 3 previously filed by the Firm. (Complete Item 6.2 and Part VIII.) | e |
| | CHANGES IN THE FIRM OR THE FIRM'S *BOARD* CONTACT PERSON | |
| 2.17 | The Firm has changed its legal name while otherwise remaining the same legal entity that it was before the name change. (Complete Item 7.1 and Part VIII.) | e |
| 2.18 | There has been a change in the business mailing address, business telephone number, business facsimile number, or business e-mail of the person most recently designated by the Firm (on Form 2, Form 3, or Form 4) as the Firm's primary contact with the *Board*, or the Firm is designating a new person to serve as the primary contact. (Complete Item 7.2 and Part VIII.) | b |
| | AMENDMENT | |
| 2.19 | If this is an amendment to a report previously filed with the *Board* - | |

| | | |
|---|---|---|
| a. | Indicate, by checking the box corresponding to this item, that this is an amendment. | e |

b. Identify the specific Item numbers of this Form (other than this Item 2.19) as to which the Firm's response has changed from that provided in the most recent Form 3 or amended Form 3 filed by the Firm with respect to the events reported on this Form.

- e Part I Identity of the Firm
- • Part III Withdrawn *Audit Reports and Issuer Auditor* Changes
  - e Item 3.1 Withdrawn *Issuer Audit Reports* and Consents
  - e Item 3.2 *Issuer Auditor* Changes
  - e Incomplete Responses Due to Asserted Non-U.S. Legal Restrictions
- • Part IV Certain Proceedings
  - e Item 4.1 Criminal, Governmental, Administrative, or Disciplinary Proceedings
  - e Item 4.2 Concluded Criminal, Governmental, Administrative, or Disciplinary Proceedings
  - e Item 4.3 Bankruptcy or Receivership
  - e Incomplete Responses Due to Asserted Non-U.S. Legal Restrictions
- • Part V Certain Relationships
  - e Item 5.1 New Relationship with Person Subject to Bar or Suspension
  - e Item 5.2 New Ownership Interest by Firm Subject to Bar or Suspension
  - e Item 5.3 Certain Arrangements to Receive Consulting or Other Professional Services
  - e Incomplete Responses Due to Asserted Non-U.S. Legal Restrictions
- • Part VI License and Certifications
  - e Item 6.1 Loss of, or Limitations Imposed on, Authorization to Engage in the Business of Auditing or Accounting
  - e Item 6.2 New License or Certification
  - e Incomplete Responses Due to Asserted Non-U.S. Legal Restrictions
- • Part VII Changes in the Firm or the Firm's *Board* Contact Person
  - e Item 7.1.a – 7.1.c
  - e Item 7.1.d Brief Description of the Reason(s) for the Change
  - e Item 7.2 Change in Contact Information
  - e Incomplete Responses Due to Asserted Non-U.S. Legal Restrictions
- • Part IX Exhibits
  - e Exhibit 99.1 Request for Confidential Treatment
  - e Exhibit 99.3 Materials Required by Rule 2207(c)(2)-(4)

**Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.**

| PART III - WITHDRAWN *AUDIT REPORTS* AND *ISSUER AUDITOR CHANGES* |
| --- |
| **ITEM 3.1 WITHDRAWN *ISSUER AUDIT REPORTS* AND CONSENTS** |

If the Firm has withdrawn an *audit report* on an *issuer's* financial statements, or withdrawn its consent to the use of its name in a report, document, or written communication containing an *issuer's* financial statements, and the *issuer* has failed to comply with a *Commission* requirement to make a report concerning the matter pursuant to Item 4.02 of *Commission* Form 8-K, provide -

a. *Issuer* name

*Issuer* CIK (Central Index Key) number, if any

Check here, if none ⊝

b. Date(s) of the *audit report*(s) that the Firm has withdrawn, or to which the Firm's withdrawal of consent relates (mm/dd/yyyy)

c. A description of the reason(s) the Firm has withdrawn the *audit report*(s) or the consent

CA ⊝   CR ⊝

| ITEM  3.2 *ISSUER AUDITOR* CHANGES |
|---|

If the Firm has resigned, declined to stand for re-appointment, or been dismissed from an *audit* engagement as principal *auditor* (or an *auditor* upon whom the *issuer*'s principal *auditor* expressed reliance in its report regarding a significant subsidiary) and the *issuer* has failed to comply with a *Commission* requirement to make a report concerning the matter pursuant to Item 4.01 of *Commission* Form 8-K, provide –

a.
*Issuer* Name                                              *Issuer* CIK (Central Index Key) number, if  any

                                                                                              Check here, if none   &#1013;

b.
1. Indicate whether the firm resigned, declined to          2. Date of Action
stand for re-appointment, or was dismissed.

Note: The 30-day period in which the Firm must report the event does not begin to run unless and until the *issuer* fails to report on Form 8-K within the time required by the *Commission*'s rules. The Firm must then report the event on Form 3 within 30 days of the expiration of the required Form 8-K filing deadline, unless, within that 30-day period, the *issuer* reports on a late-filed Form 8-K.

| INCOMPLETE RESPONSES DUE TO ASSERTED NON-U.S. LEGAL RESTRICTIONS |
|---|

If the Firm is a *foreign registered public accounting firm* that, in responding to Item 3.1.c, has either withheld information, or declined to request certain information from relevant third parties, on the ground that the Firm cannot provide the information to the *Board* on this Form 3 without violating non-U.S. law, the Firm must identify here all items -- and only those items -- with respect to which there is any information that the Firm has actually withheld or declined to request.

&#1013;  3.1.a            &#1013;  3.1.b            &#1013;  3.1.c

&#1013;  3.2.a            &#1013;  3.2.b1           &#1013;  3.2.b2

Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.

| PART IV - CERTAIN PROCEEDINGS |
|---|
| **ITEM 4.1 CRIMINAL, GOVERNMENTAL, ADMINISTRATIVE, OR DISCIPLINARY PROCEEDINGS** |

If the Firm has indicated in this Form 3 that any of the events described in Items 2.4, 2.5, 2.6, 2.7, 2.8 or 2.9 has occurred, provide the following information with respect to each such event -

a. Name, filing date, and case or docket number of the proceeding, and the nature of the proceeding

CA CR

Name of the proceeding

Filing date of proceeding (mm/dd/yyyy)          Case or docket number

Check here, if none

Nature of proceeding

b. Name of the court, tribunal, or body in or before which the proceeding was filed

CA CR

c. Indicate (by checking yes or no) whether the Firm itself is a defendant or respondent in the proceeding. If the Firm is a defendant or a respondent, identify the statutes, rules, or legal duties that the Firm is alleged to have violated, and a brief description of the firm's alleged conduct in violation of those statutes, rules, or legal duties.

Yes

No

CA CR

d. The names of every defendant or respondent who is a partner, shareholder, principal, owner, member, or *audit* manager of the Firm, or who was such either at the time the Firm received notice of the proceeding or at the time of the alleged conduct on which any claim or charge is based, and who provided at least ten hours of *audit services* for any *issuer*, *broker*, or *dealer* during the Firm's current fiscal year or its most recent fiscal year; and, as to each such defendant or respondent, the statutes, rules, or legal duties that he or she is alleged to have violated, and a brief description of his or her alleged conduct in violation of those statutes, rules, or legal duties.

CA CR

Name

Family name (last name)          Given name (first name)

The statutes, rules, or legal duties that he or she is alleged to have violated, and a brief description of his or her alleged conduct in violation of those statutes, rules, or legal duties

e. Name of any client that was the recipient of the professional services to which any claim or charge in the proceeding relates.

CA CR

Note: For the purpose of this Part, administrative or disciplinary proceedings include those of the *Commission*; any other federal, *state*, or non-U.S. agency, board, or administrative or licensing authority; and any professional association or body. Investigations that have not resulted in the commencement of a proceeding need not be included.

**Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.**

| ITEM 4.2  CONCLUDED CRIMINAL, GOVERNMENTAL, ADMINISTRATIVE, OR DISCIPLINARY PROCEEDINGS |
|---|

If any proceeding meeting the criteria described in Items 2.4, 2.5, 2.6, 2.7, 2.8, or 2.9, including any proceeding reported in Item 4.1, has been concluded as to the Firm or a partner, shareholder, principal, owner, member, or *audit* manager of the Firm (whether by dismissal, acceptance of pleas, through consents or settlement agreements, the entry of a final judgment, or otherwise), provide  -

Proceeding

a. Name, filing date, and case or docket number of the proceeding, and the nature of the proceeding                   CA   CR
                                                                                                                        ⊝    ⊝

   Name of proceeding

   Filing date of proceeding (mm/dd/yyyy)          Case or docket number

                                                                     Check here, if none   ⊝

   Nature of proceeding

b. Name of the court, tribunal, or body in or before which the proceeding was filed                                   CA   CR
                                                                                                                        ⊝    ⊝

c.  A brief description of the terms of the conclusion of the proceeding as to the Firm or partner, shareholder, principal,   CA   CR
    owner, member, or *audit* manager                                                                                  ⊝    ⊝

| ITEM 4.3  BANKRUPTCY OR RECEIVERSHIP |
|---|

If the Firm, or the parent or a subsidiary thereof, has become the subject of a petition filed in a bankruptcy court, or has otherwise become the subject of a proceeding in which a court or governmental agency (or, in a non-U.S. jurisdiction, a person or entity performing a comparable function) has assumed jurisdiction over substantially all of the assets or business of the Firm or its parent or a subsidiary, provide  -

a. Name of the proceeding                                                                                             CA   CR
                                                                                                                        ⊝    ⊝

b. Name of the court or governmental body                                                                            CA   CR
                                                                                                                        ⊝    ⊝

c. Date of filing or the assumption of jurisdiction (mm/dd/yyyy)                                                      CA   CR
                                                                                                                        ⊝    ⊝

d. Identity of the receiver, fiscal agent, or similar officer                                                        CA   CR
                                                                                                                        ⊝    ⊝

   Date the receiver, fiscal agent, or similar officer was appointed (mm/dd/yyyy)                                     CA   CR
                                                                                                                        ⊝    ⊝

| INCOMPLETE RESPONSES DUE TO ASSERTED NON-U.S. LEGAL RESTRICTIONS |
|---|

If the Firm is a *foreign registered public accounting firm* that, in responding to Part IV, has either withheld certain information, or declined to request certain information from relevant third parties, on the ground that the Firm cannot provide the information to the *Board* on this Form 3 without violating non-U.S. law, the Firm must identify here all items -- and only those items-- with respect to which there is any information that the Firm has actually withheld or declined to request.

⊝  4.1.a        ⊝  4.1.b        ⊝  4.1.c        ⊝  4.1.d        ⊝  4.1.e        ⊝  4.2.a

⊝  4.2.b        ⊝  4.2.c        ⊝  4.3.a        ⊝  4.3.b        ⊝  4.3.c        ⊝  4.3.d

Italicized terms are defined in PCAOB Rule 1001.  The Firm must apply those definitions in completing this Form.

| PART V - CERTAIN RELATIONSHIPS |
| --- |

| ITEM  5.1  NEW RELATIONSHIP WITH PERSON SUBJECT TO BAR OR SUSPENSION |
| --- |

If the Firm has taken on as an employee, partner, shareholder, principal, or member, or has otherwise become owned or partly owned by a person who is currently the subject of (a) a *Board* disciplinary sanction suspending or barring the person from being an *associated person of a registered public accounting firm*, (b)  a *Commission* order suspending or denying the privilege of appearing or practicing before the *Commission*, or (c) a court-ordered injunction prohibiting appearance or practice before the *Commission*, provide  -

a. Person's name
Family name (last name)                                      Given name (first name)                      CA   OR
                                                                                                                                                    e      e

b. Nature of the person's relationship with the Firm                                                     CA   OR
                                                                                                                                                    e      e

c. Date the relationship with the Firm began (mm/dd/yyyy)                                         CA   OR
                                                                                                                                                    e      e

| ITEM  5.2 NEW OWNERSHIP INTEREST BY FIRM SUBJECT TO BAR OR SUSPENSION |
| --- |

If the Firm has become owned or partly owned by an entity that is currently the subject of (a) a *Board* disciplinary sanction suspending or revoking that entity's registration or disapproving that entity's application for registration, (b) a *Commission* order suspending or denying the privilege of appearing or practicing before the *Commission*, or (c) a court-ordered injunction prohibiting appearance or practice before the *Commission*, provide  -

a. Name of the entity that has obtained an ownership interest in the Firm                     CA   OR
                                                                                                                                                    e      e

b. Nature and extent of the ownership interest                                                              CA   OR
                                                                                                                                                    e      e

c. Date the ownership interest was obtained (mm/dd/yyyy)                                          CA   OR
                                                                                                                                                    e      e

| ITEM  5.3 CERTAIN ARRANGEMENTS TO RECEIVE CONSULTING OR OTHER PROFESSIONAL SERVICES |
| --- |

If the Firm has entered into a contractual or other arrangement to receive consulting or other professional services from a person or entity meeting any of the criteria described in Items 2.12 or 2.13 above, provide  -

a. Name of the person or entity                                                                                        CA   OR
                                                                                                                                                    e      e

b. Date that the Firm entered into the contract or other arrangement (mm/dd/yyyy)     CA   OR
                                                                                                                                                    e      e

c. Description of the services to be provided to the Firm by the person or entity            CA   OR
                                                                                                                                                    e      e

**Italicized terms are defined in PCAOB Rule 1001.  The Firm must apply those definitions in completing this Form.**

| INCOMPLETE RESPONSES DUE TO ASSERTED NON-U.S. LEGAL RESTRICTIONS |
|---|

If the Firm is a *foreign registered public accounting firm* that, in responding to Part V, has either withheld certain information, or declined to request certain information from relevant third parties, on the ground that the Firm cannot provide the information to the *Board* on this Form 3 without violating non-U.S. law, the Firm must identify here all items -- and only those items -- with respect to which there is any information that the Firm has actually withheld or declined to request.

ℯ 5.1.a   ℯ 5.1.b   ℯ 5.1.c   ℯ 5.2.a   ℯ 5.2.b

ℯ 5.2.c   ℯ 5.3.a   ℯ 5.3.b   ℯ 5.3.c

**Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.**

| PART VI - LICENSES AND CERTIFICATIONS |
| --- |

| ITEM 6.1 LOSS OF, OR LIMITATIONS IMPOSED ON, AUTHORIZATION TO ENGAGE IN THE BUSINESS OF AUDITING OR ACCOUNTING |
| --- |

If the Firm's authorization to engage in the business of auditing or accounting in a particular jurisdiction has ceased to be effective or has become subject to conditions or contingencies other than conditions or contingencies imposed on all firms engaged in the business of auditing or accounting in the jurisdiction, provide -

a. Name of the *state*, agency, board or other authority that had issued the license or certification related to such authorization

b. Number of the license or certification

Check here, if none ⊖

c. Date that the authorization ceased to become effective or became subject to conditions or contingencies

d. A brief description of the reason(s) for such action, including a description of the conditions or contingencies, if any

CA   OR
⊖    ⊖

| ITEM 6.2 NEW LICENSE OR CERTIFICATION |
| --- |

If the Firm has obtained any license or certification authorizing the Firm to engage in the business of auditing or accounting, and which has not been identified on any Form 1 or Form 3 previously filed by the Firm, or there has been a change in any license or certification number identified on a Form 1 or Form 3 previously filed by the Firm, provide -

a. Name of the issuing *state*, agency, board or other authority

b. Number of the license or certification

Check here, if none ⊖

c. Date the license or certification took effect (mm/dd/yyyy)

d. If the license or certification replaces another license or certification issued by the same authority, the number of the replaced license or certification

Note: If the Firm is filing a Form 4 to report a change in its form of organization, change in jurisdiction, or a business combination, the Firm should report on Form 4, rather than Form 3, any related license change that takes effect before the submission of the Form 4.

| INCOMPLETE RESPONSES DUE TO ASSERTED NON-U.S. LEGAL RESTRICTIONS |
| --- |

If the Firm is a *foreign registered public accounting firm* that, in responding to Part VI, has either withheld certain information, or declined to request certain information from relevant third parties, on the ground that the Firm cannot provide the information to the *Board* on this Form 3 without violating non-U.S. law, the Firm must identify here all items -- and only those items -- with respect to which there is any information that the Firm has actually withheld or declined to request.

⊖ 6.1.a          ⊖ 6.1.b          ⊖ 6.1.c          ⊖ 6.1.d          ⊖ 6.2.a

⊖ 6.2.b          ⊖ 6.2.c          ⊖ 6.2.d

**Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.**

| PART VII - CHANGES IN THE FIRM OR THE FIRM'S *BOARD* CONTACT PERSON |
|---|

| ITEM 7.1 CHANGE IN NAME OF FIRM |
|---|

If the Firm is reporting a change in its legal name provide -

a. New legal name of Firm

b. Legal name of the Firm immediately preceding new legal name

c. Effective date of name change (mm/dd/yyyy)

d. Brief description of the reason(s) for the change

CA  CR

e. Affirm, by checking the box corresponding to this Item, that, other than the name change, the Firm is the same legal entity that it was before the name change.

> Note: If, other than the name change, the Firm is not the same legal entity that it was before the name change, whether because of a change in the Firm's legal form of organization or because of other transactions, the registration status of the predecessor firm does not automatically attach to the Firm, and the Firm cannot report the event as a name change. If the Firm cannot make the affirmation required by Item 7.1.e, the Firm cannot execute the certification in Part VIII as to Item 7.1, and this Form cannot be deemed filed under Rule 2206.

> In that event, the Firm should consider whether, pursuant to the provisions of Rule 2108, the Firm can make the representations required in a Form 4 filing to enable the predecessor firm's registration to attach to the Firm. If the Firm cannot or does not file with the *Board* a Form 4 making all necessary representations, the predecessor firm's registration does not attach to the Firm. In those circumstances, the Firm may not lawfully prepare or issue an *audit report* without first filing an application for registration on Form 1 and having that application approved by the *Board*.

> Note: If the Firm is filing a Form 4 to report a change in its form of organization, change in jurisdiction, or a business combination, the Firm should report any related name change on Form 4 and not on Form 3.

| ITEM 7.2 CHANGE IN CONTACT INFORMATION |
|---|

If there has been a change in the business mailing address, business telephone number, business facsimile number, or business e-mail address of the person most recently designated by the Firm (on Form 2, Form 3, or Form 4) as the Firm's primary contact with the *Board,* or if the Firm is designating a new person to serve as the primary contact, provide -

| Primary contact name | | |
|---|---|---|
| Family name (last name) | | Given name (first name) |
| HUYNH | | JASLYN |

| Business mailing address | | |
|---|---|---|
| Country | | City |
| United States | | Los Angeles |

| Street address 1 | | State/Province |
|---|---|---|
| 5757 W Century Blvd | | California |

| Street address 2 | | Non-U.S. State/Province |
|---|---|---|
| Suite 303 | | |

| | | Zip/Postal code |
|---|---|---|
| | | 90045 |

Business telephone number (incl. country and area code)

1-310-568-1628

Business facsimile number (incl. country and area code)

1-310-410-0371

Business e-mail address

jaslyn.huynh@kspgrp.com

**INCOMPLETE RESPONSES DUE TO ASSERTED NON-U.S. LEGAL RESTRICTIONS**

If the Firm is a *foreign registered public accounting firm* that, in responding to Item 7.1.d, has either withheld information, or declined to request certain information from relevant third parties, on the ground that the Firm cannot provide the information to the *Board* on this Form 3 without violating non-U.S. law, the Firm must indicate that by checking here.

e   7.1.d

Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.

| PART VIII - CERTIFICATION OF THE FIRM |
|---|
| **ITEM 8.1 SIGNATURE OF PARTNER OR AUTHORIZED OFFICER** |

This Form must be signed on behalf of the Firm by an authorized partner or officer of the Firm including, in accordance with Rule 2204, both a signature that appears in typed form within the electronic submission and a corresponding manual signature retained by the Firm.

I, the undersigned, certify that -

a. I am a partner or an officer of the Firm and I am authorized to sign this Form on behalf of the Firm;

b. I have reviewed this Form;

c. based on my knowledge, this Form does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading and

d. either -    1. Based on my knowledge, the Firm has not failed to include in this Form any information or affirmation that is required by the instructions to this Form, with respect to the event or events being reported on this Form, or

2. based on my knowledge  -

(A) the Firm is a *foreign registered public accounting firm* and has not failed to include in this Form any information or affirmation that is required by the instructions to this Form, with respect to the event or events being reported on this Form, except for information or affirmations that the Firm asserts it cannot provide to the *Board* on this Form 3 without violating non-U.S. law;

(B) with respect to any such withheld information or affirmation, the Firm has made the efforts required by PCAOB Rule 2207(b) and has in its possession the materials required by PCAOB Rule 2207(c); and

(C) the Firm has indicated, in accordance with the instructions to this Form, each Item of this Form with respect to which the Firm has withheld any required information.

Typed signature (to be submitted electronically):

| Jaslyn | Huynh |
|---|---|
| Given name (first name) | Family name (last name) |

Manual signature (to be retained in accordance with PCAOB Rule 2204):

Date of typed and manual signatures (mm/dd/yyyy): 4/5/2017

Business Title: President

Capacity in which signed:  Partner ⬚    Officer ☑

| Business mailing address | |
|---|---|
| Country | City |
| United States | Los Angeles |
| Street address 1 | State/Province |
| 5757 W Century Blvd | California |
| Street address 2 | Non-US State/Province |
| Suite 303 | |
| | Zip/Postal code |
| | 90045 |
| Business telephone number (incl. country and area codes) | |
| 1-310-568-1628 | |
| Business facsimile number (incl. country and area codes) | |
| 1-310-410-0371 | |
| Business e-mail address | |
| jaslyn.huynh@kspgrp.com | |

**Italicized terms are defined in PCAOB Rule 1001. The Firm must apply those definitions in completing this Form.**

| PART IX - EXHIBITS |
|---|

| EXHIBIT 99.1 - REQUEST FOR CONFIDENTIAL TREATMENT |
|---|

If the Firm has identified, in accordance with the instructions to this Form, any information for which the Firm requests confidential treatment, the Firm must include as Exhibit 99.1 an exhibit that includes the representations and information required by Rule 2300(c)(2).

Unless the Firm requests otherwise by checking the box below, any such Exhibit 99.1 will be afforded confidential treatment without the need for a request for confidential treatment.

Check here to indicate if you <u>do not</u> want confidential treatment for Exhibit 99.1   *e*

| EXHIBIT 99.3 - MATERIALS REQUIRED BY RULE 2207(c)(2)-(4) |
|---|

If the Firm is responding to a request pursuant to Rule 2207(d) for any of the materials described in Rule 2207(c)(2)-(4), submit the requested materials as Exhibit 99.3 to an amended Form 3.    CA   CR

  *e*   *e*

If the Firm seeks confidential treatment for any such materials submitted, check the CR box in this section and also provide Exhibit 99.1 in accordance with the instructions.



# FORM AP

### AUDITOR REPORTING OF CERTAIN AUDIT PARTICIPANTS

*Registered public accounting firms* must report information about certain participants in the audit and any amendments thereto to the PCAOB by completing and submitting this Form according to the instructions to Form AP.

It is important to refer to the instructions when completing each item of the Form. The Firm is responsible for completing each item according to the instructions, and should not merely rely on the Firm's own interpretation of the item descriptions appearing in this Form.

Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP. The Firm must apply those definitions in completing the Form.

## PART I - IDENTITY OF THE FIRM

### ITEM 1.1 - NAME OF THE FIRM

a. Firm legal name

KSP Group, Inc.

b. If different than its legal name, state the name under which the Firm issued this *audit report*.

## PART II - AMENDMENTS

### ITEM 2.1 - AMENDMENTS

If this is an amendment to a report previously filed with the *Board* -

a. Indicate, by checking the box corresponding to this item, that this is an amendment. ☐

b. Identify the specific Part or Item number(s) of this Form (other than this Item 2.1) as to which the Firm's response has changed from that provided in the most recent Form AP or amended Form AP filed by the Firm with respect to an *audit report* related to the *issuer* named in Item 3.1.

- ☐ Part I, Identity of the Firm
- ● Part III, *Audit* Client and *Audit Report*
  - ☐ Item 3.1, *Audit Report*
  - ☐ Item 3.2, *Other Accounting Firms*
  - ☐ Item 3.3, Divided Responsibility
- ● Part IV, Responsibility for the *Audit* is Not Divided
  - ☐ Item 4.1, *Other Accounting Firm(s)* Individually 5% or Greater of Total *Audit* Hours
  - ☐ Item 4.2, *Other Accounting Firm(s)* Individually Less Than 5% of Total *Audit* Hours
- ☐ Part V, Responsibility for the *Audit* is Divided
- ☐ Part VI, Certification of the Firm

    If you check this box, use the text field below to describe the error or omission in Part VI as previously filed and to supply the information as it should have been provided in the previous submission. Use Part VI of this amended form only to certify the amended form, not to supply corrections to the previous form.

Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP.
The Firm must apply those definitions in completing the Form.

## PART III - *AUDIT* CLIENT AND *AUDIT REPORT*

### ITEM 3.1 - *AUDIT REPORT*

a. Provide the following information concerning the *issuer* for which the Firm issued the *audit report* -

1. Indicate, by checking the box corresponding to this item, if the *audit* client is an:

( • ) *Issuer*, other than employee benefit plan or investment company    ( ) Employee Benefit Plan    ( ) Investment Company

2a. Central Index Key (CIK) number, if any

857949      [ ] Check here, if none

2b. Fund Series, if any

| Series Identifier | Fund Name |
|---|---|
| | |

3. The name of the *issuer* whose financial statements were audited

China Green Agriculture, Inc.

4. Date of the *audit report* (mm/dd/yyyy)

10/19/2018

5. The end date of the most recent period's financial statements identified in the *audit report* (mm/dd/yyyy)

6/30/2018

6. The name (that is, first and last name, all middle names and suffix, if any) of the engagement partner on the most recent period's *audit*, his/her Partner ID, and any other Partner IDs by which he/she has been identified on a Form AP filed by a different *registered public accounting firm* or on a Form AP filed by the Firm at the time when it had a different Firm ID

| Family name (last name) | Given name (first name) | Middle name | Suffix |
|---|---|---|---|
| Sellers | Jaslyn | | |

Partner ID
0619707588

Previously reported Partner ID(s)

7. The office of the Firm issuing the *audit report*

| Country | City | State |
|---|---|---|
| United States | Los Angeles | California |

b. Indicate, by checking the box corresponding to this item, if the most recent period and one or more other periods presented in the financial statements identified in Item 3.1.a.5 were audited during a single *audit* engagement.   [ ]

c. In the event of an affirmative response to Item 3.1.b, indicate the periods audited during the single *audit* engagement for which the individual named in Item 3.1.a.6 served as engagement partner (for example, as of December 31, 20XX and 20X1 and for the two years ended December 31, 20XX).

d. Indicate, by checking the box corresponding to this item, if the *audit report* was dual-dated pursuant to AS 3110, *Dating of the Independent Auditor's Report*.   [ ]

e. In the event of an affirmative response to Item 3.1.d, indicate the date of the dual-dated information.

Note: In responding to Item 3.1.e, the Firm should provide each date of any dual-dated *audit report*.

Date(s) of the dual-dated *audit report* (mm/dd/yyyy)

If different from the engagement partner named in Item 3.1.a.6, provide information about the engagement partner who audited the information within the financial statements to which the dual-dated opinion applies.

| Family name (last name) | Given name (first name) | Middle name | Suffix |
|---|---|---|---|
| | | | |

Partner ID

Previously reported Partner ID(s)

| ITEM 3.2 - *OTHER ACCOUNTING FIRMS* | |
|---|---|
| Indicate, by checking the box corresponding to this item, if one or more *other accounting firms* participated in the Firm's *audit*. If this item is checked, complete Part IV. By checking this box, the Firm is stating that it is responsible for the *audit*s or *audit* procedures performed by the *other accounting firm(s)* identified in Part IV and has supervised or performed procedures to assume responsibility for their work in accordance with PCAOB standards.<br><br>Note: For purposes of Item 3.2, an *other accounting firm* participated in the Firm's audit if (1) the Firm assumes responsibility for the work and report of the *other accounting firm* as described in paragraphs .03-.05 of AS 1205, *Part of the Audit Performed by Other Independent Auditors*, or (2) the *other accounting firm* or any of its principals or professional employees was subject to supervision under AS 1201, *Supervision of the Audit Engagement*. | ☐ |

| ITEM 3.3 - **DIVIDED RESPONSIBILITY** | |
|---|---|
| Indicate, by checking the box corresponding to this item, if the Firm divided responsibility for the *audit* in accordance with AS 1205, *Part of the Audit Performed by Other Independent Auditors*, with one or more other *public accounting firm(s)*. If this item is checked, complete Part V. | ☐ |

**Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP.**
**The Firm must apply those definitions in completing the Form.**

| PART IV - RESPONSIBILITY FOR THE *AUDIT* IS NOT DIVIDED |
|---|

In responding to Part IV, total *audit* hours in the most recent period's *audit* should be comprised of hours attributable to: (1) the financial statement *audit*; (2) reviews pursuant to AS 4105, *Reviews of Interim Financial Information*; and (3) the *audit* of internal control over financial reporting pursuant to AS 2201, *An Audit of Internal Control Over Financial Reporting That Is Integrated with An Audit of Financial Statements*. Excluded from disclosure and from total *audit* hours in the most recent period's *audit* are, respectively, the identity and hours incurred by: (1) the engagement quality reviewer; (2) the person who performed the review pursuant to SEC Practice Section 1000.45 Appendix K; (3) specialists engaged, not employed, by the Firm; (4) an accounting firm performing the audit of the entities in which the *issuer* has an investment that is accounted for using the equity method; (5) internal auditors, other company personnel, or third parties working under the direction of management or the audit committee who provided direct assistance in the *audit* of internal control over financial reporting; and (6) internal auditors who provided direct assistance in the *audit* of the financial statements. Hours incurred in the *audit* by entities other than *other accounting firms* are included in the calculation of total *audit* hours and should be allocated among the Firm and the *other accounting firms* participating in the *audit* on the basis of which accounting firm commissioned and directed the applicable work.

In responding to Part IV, if the financial statements for the most recent period and one or more other periods covered by the *audit report* identified in Item 3.1.a.4 were audited during a single *audit* engagement (for example, in a reaudit of a prior period(s)), the calculation should be based on the percentage of *audit* hours attributed to such firms in relation to the total *audit* hours for the periods identified in Item 3.1.c.

Actual audit hours should be used if available. If actual audit hours are unavailable, the Firm may use a reasonable method to estimate the components of this calculation. The Firm should document in its files the method used to estimate hours when actual audit hours are unavailable and the computation of total audit hours on a basis consistent with AS 1215, *Audit Documentation*. Under AS 1215, the documentation should be in sufficient detail to enable an experienced auditor, having no previous connection with the engagement, to understand the computation of total audit hours and the method used to estimate hours when actual hours were unavailable.

| Indicate, by checking the box, if the percentage of total *audit* hours will be presented within ranges in Part IV. | ☐ |
|---|---|

| ITEM 4.1 - *OTHER ACCOUNTING FIRM*(S) INDIVIDUALLY 5% OR GREATER OF TOTAL *AUDIT* HOURS |
|---|

Firm ID [        ]  Check here if no Firm ID is available ☐  Percentage of participation [        ] % or range [        ]

Legal name [                    ]

Headquarters' office location:

Country [                    ]

City [            ]     State [            ]

Note 1: In responding to Items 4.1 and 4.2, the percentage of hours attributable to *other accounting firms* should be calculated individually for each firm. If the individual participation of one or more *other accounting firm(s)* is less than 5%, the Firm should complete Item 4.2.

Note 2: In responding to Item 4.1, the Firm ID represents a unique five-digit identifier for firms that have a publicly available PCAOB-assigned number.

| ITEM 4.2 - *OTHER ACCOUNTING FIRM*(S) INDIVIDUALLY LESS THAN 5% OF TOTAL *AUDIT* HOURS |
|---|

a. State the number of *other accounting firm(s)* individually representing less than 5% of total *audit* hours. [                    ]

b. Indicate the aggregate percentage of participation of the *other accounting firm(s)* that individually represented less than 5% of total *audit* hours by filling in a single number or by selecting the appropriate range as follows:

Aggregate percentage of participation [            ] % or range [            ]

**Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP.
The Firm must apply those definitions in completing the Form.**

| PART V - RESPONSIBILITY FOR THE *AUDIT* IS DIVIDED |
|---|

| ITEM 5.1 - IDENTITY OF THE OTHER *PUBLIC ACCOUNTING FIRM(S)* TO WHICH THE FIRM MAKES REFERENCE |
|---|

a. Provide the following information concerning each other *public accounting firm* the Firm divided responsibility with in the *audit* -

1. The legal name of the other *public accounting firm* and when applicable, the other *public accounting firm*'s Firm ID.

Firm ID _____                     Check here if no Firm ID is available     ☐

Legal name _____

2. The office of the other *public accounting firm* that issued the other *audit report*.

Country _____

City _____     State _____

3. The magnitude of the portion of the financial statements audited by the other *public accounting firm*.

Criteria _____     Dollar Amount _____

Other _____     Percentage _____ %

Note: In responding to Item 5.1.a.3, the Firm should state the dollar amounts or percentages of one or more of the following: total assets, total revenues, or other appropriate criteria, as it is described in the *audit report* in accordance with AS 1205.

**Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP. The Firm must apply those definitions in completing the Form.**

| PART VI - CERTIFICATION OF THE FIRM |
|---|
| ITEM 6.1 - SIGNATURE OF PARTNER OR AUTHORIZED OFFICER |

This Form must be signed on behalf of the Firm by an authorized partner or officer of the Firm by typing the name of the signatory in the electronic submission.

I, the undersigned, certify that -

    a. I am authorized to sign this Form on behalf of the Firm;

    b. I have reviewed this Form;

    c. based on my knowledge, this Form does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading; and

    d. based on my knowledge, the Firm has not failed to include in this Form any information that is required by the instructions to this Form.

| Typed signature (to be submitted electronically): | Jaslyn | | Sellers | |
|---|---|---|---|---|
| | | Given name (first name) | | Family name (last name) |

| Date of typed signature (mm/dd/yyyy): | 11/7/2018 |
|---|---|

| Business Title: | President |
|---|---|

Capacity in which signed:  Partner ⦿  Officer ○

Business telephone number (incl. country and area codes)

310-5681628

Business e-mail address

jaslyn.huynh@kspgrp.com



# FORM AP

**AUDITOR REPORTING OF CERTAIN AUDIT PARTICIPANTS**

*Registered public accounting firms* must report information about certain participants in the audit and any amendments thereto to the PCAOB by completing and submitting this Form according to the instructions to Form AP.

It is important to refer to the instructions when completing each item of the Form. The Firm is responsible for completing each item according to the instructions, and should not merely rely on the Firm's own interpretation of the item descriptions appearing in this Form.

Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP. The Firm must apply those definitions in completing the Form.

## PART I - IDENTITY OF THE FIRM

### ITEM 1.1 - NAME OF THE FIRM

a. Firm legal name

KSP Group, Inc.

b. If different than its legal name, state the name under which the Firm issued this *audit report*.

## PART II - AMENDMENTS

### ITEM 2.1 - AMENDMENTS

If this is an amendment to a report previously filed with the *Board* -

a. Indicate, by checking the box corresponding to this item, that this is an amendment. ☐

b. Identify the specific Part or Item number(s) of this Form (other than this Item 2.1) as to which the Firm's response has changed from that provided in the most recent Form AP or amended Form AP filed by the Firm with respect to an *audit report* related to the *issuer* named in Item 3.1.

- ☐ Part I, Identity of the Firm
- • Part III, *Audit* Client and *Audit Report*
  - ☐ Item 3.1, *Audit Report*
  - ☐ Item 3.2, *Other Accounting Firms*
  - ☐ Item 3.3, Divided Responsibility
- • Part IV, Responsibility for the *Audit* is Not Divided
  - ☐ Item 4.1, *Other Accounting Firm(s)* Individually 5% or Greater of Total *Audit* Hours
  - ☐ Item 4.2, *Other Accounting Firm(s)* Individually Less Than 5% of Total *Audit* Hours
- ☐ Part V, Responsibility for the *Audit* is Divided
- ☐ Part VI, Certification of the Firm

  If you check this box, use the text field below to describe the error or omission in Part VI as previously filed and to supply the information as it should have been provided in the previous submission. Use Part VI of this amended form only to certify the amended form, not to supply corrections to the previous form.

Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP.
The Firm must apply those definitions in completing the Form.

| PART III - *AUDIT* CLIENT AND *AUDIT REPORT* |
|---|

| ITEM 3.1 - *AUDIT REPORT* |
|---|

a. Provide the following information concerning the *issuer* for which the Firm issued the *audit report* -

1. Indicate, by checking the box corresponding to this item, if the *audit* client is an:

☉ *Issuer*, other than employee benefit plan or investment company     ○ Employee Benefit Plan     ○ Investment Company

2a. Central Index Key (CIK) number, if any

857949        ☐ Check here, if none

2b. Fund Series, if any

| Series Identifier | Fund Name |
|---|---|
|  |  |

3. The name of the *issuer* whose financial statements were audited

China Green Agriculture, Inc.

4. Date of the *audit report* (mm/dd/yyyy)

10/14/2019

5. The end date of the most recent period's financial statements identified in the *audit report* (mm/dd/yyyy)

6/30/2019

6. The name (that is, first and last name, all middle names and suffix, if any) of the engagement partner on the most recent period's *audit*, his/her Partner ID, and any other Partner IDs by which he/she has been identified on a Form AP filed by a different *registered public accounting firm* or on a Form AP filed by the Firm at the time when it had a different Firm ID

| Family name (last name) | Given name (first name) | Middle name | Suffix |
|---|---|---|---|
| Sellers | Jaslyn |  |  |

Partner ID
0619707588

Previously reported Partner ID(s)

7. The office of the Firm issuing the *audit report*

| Country | City | State |
|---|---|---|
| United States | Los Angeles | California |

b. Indicate, by checking the box corresponding to this item, if the most recent period and one or more other periods presented in the financial statements identified in Item 3.1.a.5 were audited during a single *audit* engagement.   ☐

c. In the event of an affirmative response to Item 3.1.b, indicate the periods audited during the single *audit* engagement for which the individual named in Item 3.1.a.6 served as engagement partner (for example, as of December 31, 20XX and 20X1 and for the two years ended December 31, 20XX).

d. Indicate, by checking the box corresponding to this item, if the *audit report* was dual-dated pursuant to AS 3110, *Dating of the Independent Auditor's Report*.   ☐

e. In the event of an affirmative response to Item 3.1.d, indicate the date of the dual-dated information.

Note: In responding to Item 3.1.e, the Firm should provide each date of any dual-dated *audit report*.

Date(s) of the dual-dated *audit report* (mm/dd/yyyy)

If different from the engagement partner named in Item 3.1.a.6, provide information about the engagement partner who audited the information within the financial statements to which the dual-dated opinion applies.

| Family name (last name) | Given name (first name) | Middle name | Suffix |
|---|---|---|---|
|  |  |  |  |

Partner ID

Previously reported Partner ID(s)

| **ITEM 3.2 - _OTHER ACCOUNTING FIRMS_** | |
|---|---|
| Indicate, by checking the box corresponding to this item, if one or more _other accounting firms_ participated in the Firm's _audit_. If this item is checked, complete Part IV. By checking this box, the Firm is stating that it is responsible for the _audit_s or _audit_ procedures performed by the _other accounting firm(s)_ identified in Part IV and has supervised or performed procedures to assume responsibility for their work in accordance with PCAOB standards.<br><br>Note: For purposes of Item 3.2, an _other accounting firm_ participated in the Firm's audit if (1) the Firm assumes responsibility for the work and report of the _other accounting firm_ as described in paragraphs .03-.05 of AS 1205, _Part of the Audit Performed by Other Independent Auditors_, or (2) the _other accounting firm_ or any of its principals or professional employees was subject to supervision under AS 1201, _Supervision of the Audit Engagement_. | ☐ |

| **ITEM 3.3 - DIVIDED RESPONSIBILITY** | |
|---|---|
| Indicate, by checking the box corresponding to this item, if the Firm divided responsibility for the _audit_ in accordance with AS 1205, _Part of the Audit Performed by Other Independent Auditors_, with one or more other _public accounting firm(s)_. If this item is checked, complete Part V. | ☐ |

**Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP.**
**The Firm must apply those definitions in completing the Form.**

| PART IV - RESPONSIBILITY FOR THE *AUDIT* IS NOT DIVIDED |
|---|

In responding to Part IV, total *audit* hours in the most recent period's *audit* should be comprised of hours attributable to: (1) the financial statement *audit;* (2) reviews pursuant to AS 4105, *Reviews of Interim Financial Information;* and (3) the *audit* of internal control over financial reporting pursuant to AS 2201, *An Audit of Internal Control Over Financial Reporting That Is Integrated with An Audit of Financial Statements.* Excluded from disclosure and from total *audit* hours in the most recent period's *audit* are, respectively, the identity and hours incurred by: (1) the engagement quality reviewer; (2) the person who performed the review pursuant to SEC Practice Section 1000.45 Appendix K; (3) specialists engaged, not employed, by the Firm; (4) an accounting firm performing the audit of the entities in which the *issuer* has an investment that is accounted for using the equity method; (5) internal auditors, other company personnel, or third parties working under the direction of management or the audit committee who provided direct assistance in the *audit* of internal control over financial reporting; and (6) internal auditors who provided direct assistance in the *audit* of the financial statements. Hours incurred in the *audit* by entities other than *other accounting firms* are included in the calculation of total *audit* hours and should be allocated among the Firm and the *other accounting firms* participating in the *audit* on the basis of which accounting firm commissioned and directed the applicable work.

In responding to Part IV, if the financial statements for the most recent period and one or more other periods covered by the *audit report* identified in Item 3.1.a.4 were audited during a single *audit* engagement (for example, in a reaudit of a prior period(s)), the calculation should be based on the percentage of *audit* hours attributed to such firms in relation to the total *audit* hours for the periods identified in Item 3.1.c.

Actual audit hours should be used if available. If actual audit hours are unavailable, the Firm may use a reasonable method to estimate the components of this calculation. The Firm should document in its files the method used to estimate hours when actual audit hours are unavailable and the computation of total audit hours on a basis consistent with AS 1215, *Audit Documentation.* Under AS 1215, the documentation should be in sufficient detail to enable an experienced auditor, having no previous connection with the engagement, to understand the computation of total audit hours and the method used to estimate hours when actual hours were unavailable.

| Indicate, by checking the box, if the percentage of total *audit* hours will be presented within ranges in Part IV. | ☐ |
|---|---|

| ITEM 4.1 - *OTHER ACCOUNTING FIRM*(S) INDIVIDUALLY 5% OR GREATER OF TOTAL *AUDIT* HOURS |
|---|

| Firm ID | | Check here if no Firm ID is available | ☐ | Percentage of participation | | % or range | |
|---|---|---|---|---|---|---|---|
| Legal name | | | | | | | |

Headquarters' office location:

| Country | |
|---|---|
| City | | State | |

Note 1: In responding to Items 4.1 and 4.2, the percentage of hours attributable to *other accounting firms* should be calculated individually for each firm. If the individual participation of one or more *other accounting firm(s)* is less than 5%, the Firm should complete Item 4.2.

Note 2: In responding to Item 4.1, the Firm ID represents a unique five-digit identifier for firms that have a publicly available PCAOB-assigned number.

| ITEM 4.2 - *OTHER ACCOUNTING FIRM*(S) INDIVIDUALLY LESS THAN 5% OF TOTAL *AUDIT* HOURS |
|---|

a. State the number of *other accounting firm(s)* individually representing less than 5% of total *audit* hours.

b. Indicate the aggregate percentage of participation of the *other accounting firm(s)* that individually represented less than 5% of total *audit* hours by filling in a single number or by selecting the appropriate range as follows:

Aggregate percentage of participation         % or  range

**Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP.
The Firm must apply those definitions in completing the Form.**

| PART V - RESPONSIBILITY FOR THE *AUDIT* IS DIVIDED |
|---|

| ITEM 5.1 - IDENTITY OF THE OTHER *PUBLIC ACCOUNTING FIRM(S)* TO WHICH THE FIRM MAKES REFERENCE |
|---|

a. Provide the following information concerning each other *public accounting firm* the Firm divided responsibility with in the *audit* -

1. The legal name of the other *public accounting firm* and when applicable, the other *public accounting firm*'s Firm ID.

Firm ID _____     Check here if no Firm ID is available    ☐

Legal name _____

2. The office of the other *public accounting firm* that issued the other *audit report*.

Country _____

City _____     State _____

3. The magnitude of the portion of the financial statements audited by the other *public accounting firm*.

Criteria _____     Dollar Amount _____

Other _____     Percentage _____ %

Note: In responding to Item 5.1.a.3, the Firm should state the dollar amounts or percentages of one or more of the following: total assets, total revenues, or other appropriate criteria, as it is described in the *audit report* in accordance with AS 1205.

Italicized terms are defined in PCAOB Rule 1001, except for the definition of "other accounting firm" which appears in the general instructions to Form AP. The Firm must apply those definitions in completing the Form.

| PART VI - CERTIFICATION OF THE FIRM |
|---|
| **ITEM 6.1 - SIGNATURE OF PARTNER OR AUTHORIZED OFFICER** |

This Form must be signed on behalf of the Firm by an authorized partner or officer of the Firm by typing the name of the signatory in the electronic submission.

I, the undersigned, certify that -

    a. I am authorized to sign this Form on behalf of the Firm;

    b. I have reviewed this Form;

    c. based on my knowledge, this Form does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading; and

    d. based on my knowledge, the Firm has not failed to include in this Form any information that is required by the instructions to this Form.

| Typed signature (to be submitted electronically): | Jaslyn | | Sellers | |
|---|---|---|---|---|
| | | Given name (first name) | | Family name (last name) |

Date of typed signature (mm/dd/yyyy): 10/14/2019

Business Title: President

Capacity in which signed: Partner ⦿ Officer ○

Business telephone number (incl. country and area codes)

310-568-1628

Business e-mail address

jaslyn.huynh@kspgrp.com