**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

GANG CHEN,

                    **Plaintiff,**

          – vs –

CHINA GREEN AGRICULTURE, INC., ZHUOYU
LI, YONGCHENG YANG, DAQING ZHU, YIRU
SHI, KABANI & COMPANY, INC., KSP GROUP,
INC., AMERICAN CORPORATE LEARNING
CENTER, ABDUL HAMID KABANI, SHAHNAZ
KABANI, and JASLYN HUYNH a/k/a JASLYN
SELLERS,

                    **Defendants.**

**Case No. 1:20-cv-09232MKV-SDA**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF KSP GROUP,**
**INC.'S, JASLYN SELLERS', AND MELODY SHI'S MOTION**
**TO DISMISS THE SECOND AMENDED COMPLAINT**

Judd R. Spray, Esq.

LAW OFFICE OF JUDD R. SPRAY
215 East 68th Street, #17-I
New York, New York 10065
juddspray@juddspraylaw.com
(347) 409-0211
*Attorney for Defendants KSP Group, Inc., Jaslyn*
*Sellers, and Melody Shi*

April 25, 2022

T<small>ABLE OF</small> C<small>ONTENTS</small>

<u>**Page**</u>

ARGUMENT ...................................................................................................................1

I.    Plaintiff Cannot Cure His Failure To Plead Scienter...........................................2

      A.  Plaintiff Failed To Plead Motive and Opportunity. ....................................2

      B.  Plaintiff Failed To Plead Conscious Misbehavior or Recklessness.............3

II.   Plaintiff Cannot Cure His Failure To Plead Loss Causation. ...............................5

III.  Plaintiff Cannot Cure His Failure To Plead Any Primary Liability that
      Would Give Rise to a Claim for Alleged Violations of Section 20(a) ...............6

CONCLUSION ...............................................................................................................7

**T**ABLE OF **A**UTHORITIES

**Cases**

**Page(s)**

*In re CBI Holding Co., Inc.*,
    419 B.R. 553 (S.D.N.Y. 2009)..................................................................................5

*In re Scottish Re Group Sec. Litig.*,
    524 F. Supp. 2d 370 (S.D.N.Y. 2007)......................................................................3

*Iowa Pub. Empls. Ret. Sys. v. Deloitte & Touche Llp*,
    919 F. Supp. 2d 321 (S.D.N.Y. 2013) ..............................................................*passim*

*Lentell v. Merrill Lynch & Co.*,
    396 F.3d 161 (2d Cir. 2005)....................................................................................5

*O'Brien v. Nat'l Property Analysts Partners*,
    719 F. Supp. 222 (S.D.N.Y. 1989) .........................................................................5

*United States SEC v. Subaye, Inc.*,
    2014 U.S. Dist. LEXIS 132114, 13 Civ. 3114(PKC) (S.D.N.Y. Sept. 18, 2014)...............4

Defendants KSP Group, Inc. ("KSP"), Jaslyn Sellers (sued as "Jaslyn Huynh a/k/a Jaslyn Sellers"), and Melody Shi (sued as "Yiru Shi") respectfully submit this reply memorandum of law in support of their motion to dismiss the Second Amended Complaint (CM/ECF # 115 (the "SAC")) as against them.

## ARGUMENT

Only four pages of Plaintiff's 43-page opposition brief concern the motion to dismiss filed by KSP, Ms. Sellers, and Ms. Shi. (*See* CM/ECF # 141 ("Plaintiffs' Opp.") at 40-43.) Plaintiff is primarily concerned with rearguing the dismissal of his First Amended Complaint (*id.* at 3-16)—which Plaintiff attributes to the Court's alleged failure to "seriously read" his prior pleadings (*id.* at 15)—and with Plaintiff's purported claims against China Green Agriculture ("CGA") and other Defendants. (*Id.* at 17-39.)

In the four pages concerning KSP, Ms. Sellers, and Ms. Shi, Plaintiff responds to several of their assertions and arguments in favor of dismissal by stating only, "It is not true." (*See*, *e.g.*, *id.* at 40.) The slightly more detailed arguments that can be teased out of Plaintiff's brief are:

(1) that KSP, Ms. Sellers, and Ms. Shi should be held liable for securities fraud because they allegedly concealed an allegedly "secret" relationship between Defendant Kabani & Co. ("K&C") and KSP;

(2) that KSP, Ms. Sellers, and Ms. Shi should be held liable for securities fraud because they signed or reviewed some of CGA's allegedly fraudulent public filings;

(3) that KSP and Ms. Sellers should have conducted more thorough audits than they did;

(4) that Plaintiff has adequately pled loss causation because CGA's stock price dropped between January 2018 and March 2020, allegedly due to various "misbehaviors"; and

(5) that Ms. Shi should be held liable as a control person if CGA is "convicted" as a primary violator.

Plaintiff's terse responses on each of these points add nothing of substance to the allegations of the SAC, which in turn added nothing of substance to the First Amended Complaint (the "FAC"), which the Court properly dismissed against all Defendants in its serious and thorough prior Order. (CM/ECF # 113.) Plaintiff fails to respond to several of the bases on which Defendants moved to dismiss and addresses none of the caselaw that Defendants cited in support of their motion. The SAC should be dismissed, like the FAC, because Plaintiff has not and cannot cure his failure to plead scienter or loss causation against any Defendant, has come nowhere near meeting the demanding standard for pleading auditor scienter, and cannot plead control person liability in the absence of a primary violation of the securities laws.

## I.  **Plaintiff Cannot Cure His Failure To Plead Scienter.**

Nothing in Plaintiffs' response brief changes the fact that he has simply failed to plead scienter, let alone auditor scienter.

### A.  **Plaintiff Failed To Plead Motive and Opportunity.**

Concerning the first prong of the test for scienter, Plaintiff does use his response brief to allege that KSP, Ms. Sellers, or Ms. Shi received a concrete and personal benefit resulting from their alleged participation in the alleged fraud. Plaintiff does not even address the caselaw Defendants previously cited holding that the "mere receipt of compensation and the maintenance of a profitable professional business relationship for auditing services does not constitute a sufficient motive for purposes of pleading scienter," and that "a general desire to maintain a profitable business relationship will not, by itself, support a motive to defraud[.]" (CM/ECF #

139 ("Defendants' Brief") at 9 (quoting *Iowa Pub. Empls. Ret. Sys. v. Deloitte & Touche Llp* *("IPERS")*, 919 F. Supp. 2d 321, 333 (S.D.N.Y. 2013).)

Plaintiff thus has no solution to his own allegation that KSP and Ms. Sellers "chose to help CGA and individual Defendants committing fraudulent scheme ***to get Auditing income.***" (SAC at ⁋ 115 (emphasis added).) This Court has already held that such allegations are insufficient as a matter of law to establish motive. (CM/ECF # 113 at 13.) With regard to Ms. Shi, Plaintiff does not even argue that Ms. Shi had a personal motive; to the contrary, he acknowledges that the SAC "does not state Shi personally benefitted from all the above frauds[.]" (Plaintiff's Opp. at 41.)

In short, Plaintiff has utterly failed to plead scienter under the "motive and opportunity" prong of the scienter test, and his opposition brief does nothing to cure that failure.

**B.  Plaintiff Failed To Plead Conscious Misbehavior or Recklessness.**

Plaintiff similarly cannot remedy his failure to plead "strong circumstantial evidence of conscious misbehavior or recklessness" under the second prong of the test for scienter. *See IPERS*, 919 F. Supp. 2d at 331 (quoting *In re Scottish Re Group Sec. Litig.*, 524 F. Supp. 2d 370, 384 (S.D.N.Y. 2007)).

Plaintiff's primary contention is that Defendants concealed the allegedly "true" nature of the relationship between K&C and KSP. (Plaintiff's Opp. at 40-42.) With regard to Ms. Shi, this allegation is a *non sequitur*, as Ms. Shi resigned from CGA before KSP became the company's new auditor. (*See* SAC at ⁋ 99 ("On April 18, 2017 Shi resigned as director of the board and Chairman of Audit Committee. The auditor replacement happened on April 20, only 2 days later.").) Although Plaintiff alleges that the replacement of auditors is a "serious decision" that requires "a long time processing," (Plaintiff's Opp. at 40), he cites no authority for the

3

proposition that Ms. Shi could somehow be held liable for any action that CGA took *after* she left the company.

Allegations concerning K&C are also irrelevant with regard to KSP and Ms. Sellers, as Plaintiff's convoluted theory of "control" has nothing to do with the quality of Defendants' auditing work for CGA. (*See* Defendants' Brief at 11.) Plaintiff nevertheless seems to assert that Mr. Kabani's alleged secret association with KSP somehow gives rise to a violation of Section 105(e)(7) of the Sarbanes-Oxley Act, which Plaintiff quotes twice. (Plaintiff's Opp. at 40-41.) But Plaintiff cites no authority, and Defendants are aware of none, that an alleged violation of that provision of Sarbanes-Oxley somehow gives rise to a private cause of action (1) under the securities laws (2) by an investor (3) against an auditor that was (4) allegedly secretly "controlled" by a person suspended or barred from being associated with an issuer.[1]

Plaintiff also repeats his allegations that KSP and Ms. Sellers ignored certain red flags and/or "should have known" certain things that Plaintiff asserts as facts based on his own purported investigation of CGA. (Plaintiff's Opp. at 42.) Plaintiff similarly repeats his conclusory allegation that "their audit is equivalent to no audit at all." (*Id.* (quoting SAC at ¶ 58).) Defendants have already shown that these conclusory allegations are not enough to allege auditor scienter based on recklessness. (*See* Defendants' Brief at 11-13.) Plaintiff does not even address the heightened standard for pleading auditor scienter, under which, "in order to be reckless in this sense, an auditor's behavior must not only approximate an actual intent to aid in

---

[1] *United States SEC v. Subaye, Inc.*, 2014 U.S. Dist. LEXIS 132114, 13 Civ. 3114(PKC) (S.D.N.Y. Sept. 18, 2014), the only case cited by Plaintiff in his entire discussion of these Defendants (Plaintiff's Opp. at 41-42), concerned the proposed settlement of the SEC's complaint against an individual. The Court applied so-called *Patel* factors, including the defendant's violation of a PCAOB order, to determine how long the defendant should be banned from acting as an officer or director of an issuer. *Id.* at **2-6. The *Subaye* decision does not have any apparent relevance to the issues in this case.

the fraud being perpetrated by the audited company, but also must reflect accounting judgments that no reasonable accountant would have made . . . if confronted with the same facts." *IPERS*, 919 F. Supp. 2d at 333 (internal quotation marks and citations omitted). Nor does Plaintiff address the caselaw previously cited by Defendants holding that "a purported failure to investigate does [not] rise above the level of negligence, which is legally insufficient." *O'Brien v. Nat'l Property Analysts Partners*, 719 F. Supp. 222, 225 (S.D.N.Y. 1989); *see also In re CBI*, 419 B.R. 553, 567 (S.D.N.Y. 2009) ("Where an auditor was not aware of facts indicating that a transaction was suspicious or part of a fraud, the auditor's failure to investigate the transaction—even if negligent—does not provide a basis for a fraud claim.")

At most, Plaintiff alleges that KSP and Ms. Sellers performed their work for CGA negligently. Although KSP and Ms. Sellers deny that allegation, it is insufficient to state a claim for auditor scienter in any event. Because Plaintiff has failed to plead scienter under either the motive and opportunity or recklessness standards, the SAC should be dismissed.

## II.  **Plaintiff Cannot Cure His Failure To Plead Loss Causation.**

Plaintiff also fails to offer any viable justification of his complete failure to plead loss causation. His opposition displays either a profound misunderstanding of the concept of loss causation or a conscious refusal to address it. He asserts that he relied on allegedly false financial statements in buying CGA stock and then asks, "How can you say they were not effecting Plaintiff?" (Plaintiff's Opp. at 43.) That apparently rhetorical question is the wrong question to ask. The relevant question with regard to loss causation is whether some allegedly fraudulent statement or omission concealed something from the market that, when disclosed, negatively affected CGA's stock price. *See Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005). Plaintiff identifies no such statement or omission.

Instead, Plaintiff identifies a 2017 movie, "China Hustle," as one of the ways that fraud allegedly surfaced and distrust in CGA allegedly grew. (Plaintiff's Opp. at 43.) Plaintiff offers no theory as to why, if that 2017 movie caused distrust in CGA, the stock was nevertheless trading at its highest price in January 2018. In fact, Plaintiff makes no effort whatsoever to tie any disclosure about CGA to any movement in the stock price.[2] Plaintiff has therefore failed entirely to present a theory of loss causation, let alone a viable one.

## III.   Plaintiff Cannot Cure His Failure To Plead Any Primary Liability that Would Give Rise to a Claim for Alleged Violations of Section 20(a).

Finally, Plaintiff's purported claim against Ms. Shi and her co-Defendants for alleged violations of Section 20(a) should be dismissed because the SAC fails to adequately allege any primary violation of Section 10(b) or Rule 10b-5. As the reasons for Plaintiff's failure are discussed extensively above and in the motion papers of other Defendants, they are not repeated here. Even Plaintiff seems to concede that a primary violation is a prerequisite for alleged control person liability. (*See* Plaintiff's Opp. at 43 ("*If* CGA is convicted as a Primary Violator, as a control person [Ms. Shi] deserves a liability under Rule 20(a)" (emphasis added).)

---

[2] Nor does Plaintiff explain why he continued to purchase CGA stock after the release of China Hustle in "2017," the cessation of investor relation activities in 2018, or any of the other purported "misbehaviors" he lists. (*Id.*)

**<u>CONCLUSION</u>**

For all of the reasons set forth above, Defendants KSP Group, Inc. ("KSP"), Jaslyn

Sellers (sued as "Jaslyn Huynh a/k/a Jaslyn Sellers"), and Melody Shi (sued as "Yiru Shi")

respectfully request that the Court dismiss any claims purportedly set forth against them in the

Second Amended Complaint.


Dated: New York, New York
       April 25, 2022

Respectfully submitted,

LAW OFFICE OF JUDD R. SPRAY

*/s/ Judd R. Spray*
Judd R. Spray
215 East 68th Street, #17-I
New York, New York 10065
juddspray@juddspraylaw.com
(347) 409-0211
*Attorney for Defendants KSP Group, Inc., Jaslyn*
*Sellers, and Melody Shi*