UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/2023
```

GANG CHEN,

                          Plaintiff,

-against-

CHINA GREEN AGRICULTURE INC., ZHUOYO LI, YONGCHENG YANG, DAQING ZHU, KABANI & COMPANY, INC., KSP GROUP, INC., ABDUL HAMID KABANI, JASLYN HUYNH SELLERS, AMERICAN CORPORATE LEARNING ACADEMY, SHAHNAZ KABANI, and YIRU SHI,

                          Defendants.

1:20-cv-09232 (MKV)

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS**

MARY KAY VYSKOCIL, United States District Judge:

In an Opinion of August 30, 2022, the Court granted the defendants' motion to dismiss. [ECF No. 146] (the "Opinion"). Several of the defendants (the "Moving Defendants")[1] thereafter filed a motion for sanctions under the Private Securities Litigation Reform Act ("PSLRA"), which requires courts to make a specific finding as to whether sanctions are appropriate under Federal Rule of Civil Procedure 11 "upon final adjudication of the action." 15 U.S.C. § 78u–4(c)(1). For the reasons stated below, the motion for sanctions is denied.

## DISCUSSION

The allegations in this lawsuit are described in the Court's prior Opinion, familiarity with which is assumed. [ECF No. 146]. In brief, Plaintiff Gang Chen brought this *pro se* action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Plaintiff alleged that China Green Agriculture Inc. ("China Green"), several of its

---

[1] The "Moving Defendants" include Abdul Hamid Kabani, Kabani & Co., Shahnaz Kabani, and American Corporate Learning Center.

1

officers, and various auditors (collectively, "Defendants"), engaged in a securities fraud scheme that, when revealed to the investing public, caused China Green's inflated stock price to decline and, as a corollary, caused Plaintiff to suffer severe losses when he sold his stock in the company.

The Court dismissed Plaintiff's case after concluding that "the Second Amended Complaint clearly fails due to its complete failure to plausibly allege loss causation." Opinion at 8. After the Opinion was issued, the Moving Defendants filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. [ECF No. 151] ("Br."). Plaintiff opposed that motion. [ECF No. 152] ("Opp.").

In considering whether to award sanctions against a *pro se* litigant, the Court should consider the "special circumstances of litigants who are untutored in the law." *Murawski v. Pataki*, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007) (internal quotation marks omitted). Here, the Moving Defendants attempt to twist that deferential standard, arguing that Plaintiff's *pro se* status underscores the frivolous nature of his suit. More troubling, the Moving Defendants attempt to distort the facts in support of their quest for sanctions.

Specifically, the Moving Defendants argue that Plaintiff was *pro se* only because he had "conversations with 10 or 15 lawyers who informed the Plaintiff that there was no case." Br. at 15. But that is not so. Plaintiff previously explained that he had contacted numerous lawyers who were unwilling to take the case on a contingency basis because, even if they win the case, "it is extremely hard to collect a judgment in China." ECF No. 28 at 5. As Plaintiff further explained, he was unable to afford a lawyer who charged on an hourly basis because he was advised that such fees would amount to "several hundred thousand dollars. *Id.* In short, Plaintiff apparently was *pro se* because of the cost of a lawyer, and not by reason of the merits (or lack thereof) of his case.

The Moving Defendants next attack Plaintiff's persistence. They argue that Plaintiff "needlessly increased the cost of the litigation" by filing an amended complaint which failed to cure the flaws identified in his original complaint. Br. at 15. According to the Moving Defendants, Plaintiff's bad faith in filing this amended complaint is demonstrated by his prior pronouncement that he has to "fight to the end" and "will never give up." Br. at 15 (quoting ECF No. 29 at 3). But doggedness should not be discouraged for those who genuinely believe they have a fruitful claim. Plaintiff alleged to have lost a significant sum of money investing in China Green. He was convinced that those losses resulted from misleading statements or omissions made by the company. The Court dismissed Plaintiff's case because he was unable draw a causal connection between any alleged misstatement or omission and the losses he claimed to have suffered. For the trained lawyer, this was not a particularly close call. For the *pro se* investor, the pursuit is understandable (even if misguided) and bad faith cannot be assumed.

## CONCLUSION

For the reasons set forth above, the motion for sanctions filed by the Moving Defendants is DENIED. The Clerk of Court respectfully is requested to close the motion pending at ECF No. 150 and to close the case.

**SO ORDERED.**

**Date:  August 14, 2023**
**New York, NY**

_/s/ Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**